## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDGENET, INC. | ) | Case No. 14-10066 (___) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| Tax ID: -4977 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EDGENET HOLDING CORPORATION | ) | Case No. 14-10067 (___) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| Tax ID: -4146 | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OR RELATED CHAPTER 11 CASES

Edgenet, Inc. ("Edgenet") and its affiliated debtor entity, Edgenet Holding Corporation ("Holding"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, Edgenet and Holding as the "***Debtors***"),[1] respectfully represent:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 101(2) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy***

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The Debtors' main corporate address is 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, GA 30305.

*Rules*") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*").

## Introduction[2]

1. The Debtors are providers of cloud based content, applications and services that enable companies to sell more products and services with greater ease across multiple channels and devices. The solutions feature patented and patent pending content, guide, catalog, configuration and engineering offerings for selling products and services on mobile, web and in-store platforms. These same solutions allow customers to address the ever increasing demand by consumers for credible shopping experiences that deliver detailed information and relevant knowledge in intuitive ways to identify, research and purchase products and services.

2. The Debtors have three business locations: Waukesha, WI, Brentwood, TN and its main office in Atlanta, GA. The Debtors currently have approximately 80 employees spread across their three business locations.

3. On the date hereof (the "*Petition Date*"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code to allow the Debtors to move forward with the sale of their assets. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

---

[2]    A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of Juliet Reising, Chief Financial Officer and Secretary of Edgenet, Inc., in Support of First Day Pleadings (the "*First Day Declaration*"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

## Relief Requested

4.     By this motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of each Debtor's respective chapter 11 case for procedural purposes only.  Specifically, the Debtors request that the Court maintain one file and one docket for each of the Debtors' chapter 11 cases under the case of Edgenet, Inc., and that the Court administer these chapter 11 cases under the following caption:

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDGENET, INC., *et al.*,[1] | Case No. 14-10066 (___) |
| Debtors, | Jointly Administered |

5.     The Debtors also request that an entry be made on the docket of Edgenet Holding Corporation to reflect the joint administration of these chapter 11 cases, substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of these chapter 11 cases of the following entities: Edgenet, Inc. and Edgenet Holding Corporation.  All further pleadings and other papers shall be filed in, and all other further docket entries shall be made in the case of Edgenet, Inc., Case No. 14-10066 (___).

## Supporting Authority

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are Edgenet, Inc. (4977) and Eedgenet Holding Corporation (4146). The Debtors' main corporate address is 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, GA 30305.

6.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines "affiliate" to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A).

7.      In addition, Local Rule 1015-1 provides that the Court may order joint administration of chapter 11 cases to ease the administrative burden on the Court and the parties involved:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not constitute a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.[3]

8.      As disclosed in the First Day Declaration, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Specifically, Edgenet Holding Corporation directly owns 100 percent of the outstanding voting securities of Edgenet, Inc. The Debtors also share significant debt obligations.  Additionally, because of the relationship between the Debtors, each of the motions filed in these chapter 11 cases will likely implicate both of the Debtors.

---

[3]     Section 105(a) of the Bankruptcy Code, which states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" provides the Court with further power to grant the Debtors' requested relief. 11 U.S.C. § 105(a).

PHIL1 3329508v.3

Accordingly, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules authorize the Court to grant the relief requested herein.

9.      Moreover, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Each Debtor will be affected by most, if not all, of the motions, hearings and orders in these chapter 11 cases. Thus, entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

10.     The joint administration of these chapter 11 cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective constituencies because this motion requests (consistent with Local Rule 1015-1) only administrative, not substantive, consolidation of the Debtors' cases. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

11.     Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g., Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. Apr. 9, 2013) (directing joint administration of chapter 11 cases); *In re Conexant Sys., Inc.*, No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (same); *In re Pipeline Data, Inc.*, No. 12-13123 (KJC) (Bankr. D. Del. Nov. 21, 2012) (same); *In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Oct. 12, 2012) (same); *In re Nebraska Book Co.*, No. 11-12005 (PJW) (Bankr. D. Del.

5

June 28, 2011) (same); *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (KG) (Bankr. D. Del. Jan. 20, 2011) (same); *In re MagnaChip Semiconductor Finance Co.*, No. 09-12008 (PJW) (Bankr. D. Del. June 15, 2009) (same); *In re Spansion Inc.*, No. 09-10690 (KJC) (Bankr. D. Del. Mar. 4, 2009) (same); *In re Insight Health Svcs. Holding Corp.*, No. 07-10700 (BLS) (Bankr. D. Del. May 31, 2007) (same).[4]

### Notice

12.    The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the Debtors' secured lender, Liberty Partners Lenders, L.L.C.; (d) counsel to the Debtors' landlords; (e) the Owners Representative regarding the Seller Notes and counsel thereto; (f) the Delaware Secretary of State; (g) the Delaware Secretary of Treasury; (h) the Delaware State Attorney General; (i) the Office of the United States Attorney General for the State of Delaware; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) Delaware Division of Revenue.. In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

13.    No prior motion for the relief requested herein has been made to this or any other court.

---

[4]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this motion. Copies of these orders are available upon request to the Debtors' counsel.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) directing joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting such other and further relief as may be appropriate.

Dated: January 14, 2014
     Wilmington, Delaware

*/s/ Raymond H. Lemisch*

Domenic E. Pacitti (DE Bar No. 3989)
Raymond H. Lemisch (DE Bar No. 4204)
Margaret M. Manning (DE Bar No. 4183)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg, Esquire
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

*Proposed Counsel to the Debtors
and Debtors in Possession*