# Exhibit A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EDGENET, INC., *et al.*,[1] | ) Case No. 14-10066 ( ) |
| Debtors. | ) Joint Administration Requested |
| | ) **Related D. I. No. ____** |

## INTERIM ORDER AUTHORIZING, THE DEBTORS TO (A) PAY PREPETITION WAGES, OTHER COMPENSATION AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an interim order (this "*Order*") pursuant to sections 105(a), 363, 507(a)(4)-(5), 1107 and 1108(a) of the Bankruptcy Code, Rules 6003 and 6004(h) of the Bankruptcy Rules and Rule 9013-1(m) of the Local Rules, (a) authorizing the Debtors to pay prepetition wages, salaries, other compensation and reimbursable employee expenses, (b) authorizing the Debtors to continue employee benefits programs, (c) authorizing and directing financial institutions to receive, process, honor and pay all related checks and electronic payment requests for payment of prepetition Employee Obligations and (d) scheduling a Final Hearing to the extent a hearing is necessary, all as further described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet,Inc.. (4977); Edgenet Holding Corporation (4146). The Debtors' main corporate address is 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, GA 30305.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted on an interim basis to the extent provided herein.

2. The Debtors are authorized to honor and pay, in the ordinary course of business and in accordance with the Debtors' prepetition policies and prepetition practices, employee wages and benefits, including amounts owed in connection with the Employee Obligations; *provided, however*, that amounts paid on account of the Employee Obligations during the period from the date of this Order and the date that a final order is entered shall not exceed the amounts set forth in the chart below:

| **Employee Obligation** | **Interim Amount** |
|---|---|
| Unpaid Wage Obligations | $____ |
| Unpaid Payroll Service Fees | $____ |
| Unremitted Deductions | $____ |
| Unremitted Payroll Taxes | $____ |
| PTO | $____ |
| Unpaid Health Benefits | $____ |
| FSA Administrative Fee | $____ |
| Life and AD&D Insurance | $____ |
| Disability Insurance | $____ |
|  | $____ |

PHIL1 3327382v.3

3. The Debtors are authorized to pay all post-petition costs and expenses incidental to payment of the Employee Obligations described in paragraph 2 herein, including all administrative and processing costs and payments to outside professionals in the ordinary course of business.

4. No payments to any individual employee shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5).

5. The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the chapter 11 cases with respect to prepetition amounts owed to their Employees.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding the use of cash collateral approved by this Court in these chapter 11 cases.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

12. Nothing herein shall be deemed to (1) authorize the payments of any amounts in satisfaction of any pre-petition bonus, or are otherwise subject to Section 503(c) of the Bankruptcy Code; or authorize the Debtors to pay in cash any unused paid time off upon termination of an employee; provided, however, in the case of clauses (1) and (2) of this paragraph 12, the Debtors shall be permitted to make such payment if required by applicable state law.

13. The Debtors shall serve a copy of this Order, the Motion and the Proposed Final Order on the Notice Parties (as defined below) no later than five (5) business days following the date of entry of this Order.

14. The Final Hearing on the Motion shall be held on _____, 2014 at \_\_\_\_:\_\_\_\_ a.m./p.m. prevailing Eastern Time. Any objections or responses to entry of the proposed Final Order shall be filed **seven days before** the Final Hearing and served on the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to Liberty Partners Lenders, L.L.C.;

(d) the counsel to the Owners Representative regarding the Seller Notes; (e) counsel to the equity sponsor; (f) each of the holders of equity interests in the Debtors; (g) the Delaware Secretary of State; (h) the Delaware Secretary of Treasury; (i) the Delaware State Attorney General; (j) the Office of the United States Attorney General for the State of Delaware; (k) the Internal Revenue Service; and (l) the Securities and Exchange Commission (collectively the "***Notice Parties***"). In the event no objections to entry of the Final Order are timely received, the Court may enter the Final Order without need for the Final Hearing.

15. Notwithstanding anything to the contrary herein, to the extent there is any conflict between this Order and any order approving the Debtors' use of cash collateral (each, a "Cash Collateral Order"), the terms of the applicable Cash Collateral Order shall govern.

16. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____, 2014  _____
Wilmington, Delaware  United States Bankruptcy Judge