# Exhibit B

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| EDGENET, INC., *et al.*,[1] ) | Case No. 14-10066 ( ) |
| ) | |
| Debtors. ) | Joint Administration Requested |
| ) | **Related D.I. No. ____** |

## FINAL ORDER AUTHORIZING, THE DEBTORS TO (A) PAY PREPETITION WAGES, OTHER COMPENSATION AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS

Upon the motion (the "*Motion*")[2] of the Debtors for entry of a final order (this "*Order*") pursuant to sections 105(a), 363, 507(a)(4)-(5), 1107 and 1108(a) of the Bankruptcy Code and Rule and 6004(h) of the Bankruptcy Rules, (a) authorizing the Debtors to pay prepetition wages, salaries, other compensation and reimbursable employee expenses, (b) authorizing the Debtors to continue employee benefits programs and (c) authorizing and directing financial institutions to receive, process, honor and pay all related checks and electronic payment requests for payment of prepetition Employee Obligations, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet,Inc.. (4977); Edgenet Holding Corporation (4146). The Debtors' main corporate address is 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, GA 30305.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having entered the *Interim Order Authorizing the Debtors to (A) Pay Prepetition Wages, Other Compensation and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs* [Docket No. __] (the "***Interim Order***"); and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Debtors are authorized to honor and pay, in the ordinary course of business and in accordance with the Debtors' prepetition policies and prepetition practices, employee wages and benefits, including amounts owed in connection with the Employee Obligations.

3. The Debtors are authorized to pay all post-petition costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs and payments to outside professionals in the ordinary course of business.

4. The Debtors are authorized to issue post-petition checks, or to affect post-petition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the chapter 11 cases with respect to prepetition amounts owed to their Employees.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding the use of cash collateral approved by this Court in these chapter 11 cases.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

10. Notwithstanding anything to the contrary herein, to the extent there is any conflict between this Order and any order approving the Debtors' use of cash collateral (each, a "Cash Collateral Order"), the terms of the applicable Cash Collateral Order shall govern.

PHIL1 3327382v.3

11. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____, 2014
    Wilmington, Delaware                  _____
                                             United States Bankruptcy Judge