# EXHIBIT A

# SALE ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EDGENET, INC., *et al.*,[1] | ) | Case No. 10066 (BLS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | Related Docket No. _____ |
|  | ) |  |

## ORDER (A) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT;(B) APPROVING SALE OF THE DEBTORS' ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; (D) AUTHORIZING THE DEBTORS TO CONSUMMATE TRANSACTION RELATED TO THE ABOVE; AND (E) GRANTING OTHER RELIEF

Upon consideration of the Debtors' *Motion for Order (A) Authorizing and Approving Asset Purchase Agreement; (B) Approving Sale of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Encumbrances, and Interests; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (D) Authorizing the Debtors to Consummate Transactions Related to the above; and (E) Granting Other Relief* (the "**Motion**");[2] and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The Debtors' main corporate address is: 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, Georgia 30305.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion or in the Purchase Agreement, as applicable. In the event of a conflict between any of the terms and provisions of this Order, on the one hand, and any of the terms and provisions of the Purchase Agreement, on the other hand, the terms and provisions of this Order shall control. In the event of a conflict between any of the terms and provisions of the Purchase Agreement and documents executed in connection therewith, the Purchase Agreement shall control.

estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion having been given and it appearing that no other notice need be given; and the Debtors and Parallax Capital Fund L.P. or its designee (the "**Buyer**"), have reached agreement regarding the terms and conditions of the sale of substantially all of the assets of the Debtors to the Buyer as set forth in that certain Asset Purchase Agreement between the Debtors and the Buyer, a final form of which is attached hereto as Exhibit A (the "**Purchase Agreement**"), and for the Debtors to sell and transfer the Acquired Assets, and assume and assign the Assumed Contracts (as defined in the Purchase Agreement) to the Buyer in accordance with the terms and conditions of the Purchase Agreement (the "**Sale**"); and the transactions represented by the Purchase Agreement having been determined to be the highest and best offer for the Acquired Assets; and a hearing having been held on _____ __, 2014, whereupon the Court entered its *Order (A) Approving Sale Procedures and Bidding Protections in Connection with Sale of the Debtors' Assets Pursuant to Sections 363 and 365 of the Bankruptcy Code; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale of the Debtors' Assets; (C) Approving Notice of Respective Dates, Times and Places for Auction and for Hearing on Approval of Asset Purchase Agreement and Sale of the Debtors' Assets, and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Other Relief* [Docket No. __] (the "**Sale Procedures Order**"); and a sale hearing having been held on _____ __, 2014 (the "**Sale Hearing**") to consider the relief requested in the Motion and approval of the Purchase Agreement; and appearances of all interested parties having been noted

2

on the record of the Sale Hearing; and upon the Declaration of Juliet Reising (the "*Reising Declaration*"); and upon all of the proceedings had before the Court (including, without limitation, the testimony and other evidence proffered or adduced at the Sale Hearing); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

## FOUND AND DETERMINED THAT:[3]

A.    **Jurisdiction:** This Court has jurisdiction to consider the Motion and the relief requested therein, including, without limitation, the Acquired Assets to be sold, transferred, and conveyed pursuant to the Purchase Agreement and the Sale contemplated by the Purchase Agreement,  pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Approval of the Debtors' entry into the Purchase Agreement, and the transactions contemplated thereby is a core proceeding under 28 U.S.C. §§ 157(b)(2).

B.    **Venue:** Venue of these cases and the Motion in this District and Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    **Statutory Predicates:** The statutory predicates for the approval of the Purchase Agreement and transactions contemplated therein are sections 105, 363, 364 and 365 of Title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 4001, 6004, 6006, and 9014 of

---

[3]    The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.  All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***").

D.    **Final Order:** This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

E.    **Notice:** As evidenced by the affidavits or declarations of service and publication previously filed with this Court and otherwise, proper, timely, adequate, and sufficient notice of the Motion, the Sale Procedures Order, the Auction, the Sale Hearing, the Purchase Agreement, the Sale, the Cure Notices (as defined in the Sale Procedures Order), and this Sale Order has been provided in accordance with, and the Debtors have complied with all obligations to provide notice under, the Sale Procedures Order and sections 102(1), 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, 6006 and 9014 and Local Rule 6004-1.

F.    **Opportunity to be Heard:** A reasonable opportunity to object or be heard regarding the relief requested in the Motion and the transactions pursuant thereto, including, without limitation, with respect to the assumption and assignment of the Assumed Contracts, has been afforded to all interested persons and entities, including, without limitation, the following: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel for the committee of note holders formed in these cases (the "***Committee***"), (iii) counsel to Liberty Partners Lenders, L.L.C., ("***Liberty Lenders***") the Debtors' secured lender, (iv) parties entitled to

4

receive notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002, (v) all entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance in or on the Acquired Assets, (vi) all counterparties to the Assumed Contracts, (vii) the Internal Revenue Service and all state and local taxing authorities in jurisdictions where the Debtors have or may have any tax liability (collectively, the "*Taxing Authorities*"), (viii) all governmental agencies required to receive notice of proceedings under the Bankruptcy Rules, (ix) all persons who have expressed an interest in acquiring the Acquired Assets, and (x) all known creditors of the Debtors ((i) through (x) collectively, the "*Notice Parties*"). The notice provided constitutes good and sufficient notice of the Motion and the Sale Hearing, and no other or further notice of the Motion or the Sale Hearing or the entry of this Order need be given. Objections, if any, to the Motion have been withdrawn or resolved and, to the extent not withdrawn or resolved, are hereby overruled.

G.     **Marketing Process:**  As demonstrated by: (i) the Reising Declaration, (ii) the testimony and other evidence proffered or adduced at the Sale Hearing, and (iii) the representations of counsel made on the record at the Sale Hearing, the Debtors have thoroughly marketed the Acquired Assets and have conducted the bidding solicitation fairly, with adequate opportunity for parties that either expressed an interest in acquiring or liquidating the Acquired Assets, or who the Debtors believed may have an interest in acquiring or liquidating the Acquired Assets, to submit competing bids. The Debtors and the Buyer have respectively negotiated and undertaken their roles leading to the Sale, and entry into the Purchase Agreement in a diligent, noncollusive, fair, and good faith manner.

H.     **Highest and Best Offer:**  The Purchase Agreement attached hereto as Exhibit A, including, without limitation, the form and total consideration to be realized by the Debtors

pursuant to the Purchase Agreement, (i) is the highest and best offer received by the Debtors for the Acquired Assets, (ii) is fair and reasonable, and (iii) is in the best interests of the Debtors, their estates, their creditors and all other parties in interest. There is no legal or equitable reason to delay entry into the Purchase Agreement and the transactions contemplated therein, including, without limitation, the Sale.

I. **Business Judgment:** The Debtors' decisions to (i) enter into the Purchase Agreement, (ii) perform under the Purchase Agreement, and (iii) to assume and to assign the Assumed Contracts (as such Assumed Contracts may be amended, supplemented, or otherwise modified prior to assumption and assignment without further order of the Court) that are designated for assumption and assignment pursuant to the terms of this Order, the Sale Procedures Order, the Cure Notices, and the Purchase Agreement, are reasonable exercises of the Debtors' sound business judgment consistent with their fiduciary duties and are in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

J. **Time of the Essence:** Time is of the essence in effectuating the Purchase Agreement and proceeding with the transactions contemplated therein without interruption. Based on the record of the Sale Hearing, and for the reasons stated on the record at the Sale Hearing, the Sale under the Purchase Agreement needs to be closed promptly after entry of this Order in order to maximize the value that the Buyer may realize from the Sale, and the value that the Debtors may realize from entering into the Purchase Agreement. Accordingly, cause exists to lift the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a), 6004(h), and 6006(d) and permit the immediate effectiveness of this Order.

K. **Sale Free and Clear:** The Acquired Assets constitute property of the Debtors' estates and title thereto is vested in the Debtors' estates within the meaning of section 541(a) of

6

the Bankruptcy Code. A sale of the Acquired Assets, other than one free and clear of liens, claims, encumbrances, and interests, including, without limitation, security interests of whatever kind or nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy Code), whether known or unknown, now existing or hereafter arising, asserted or unasserted, mature or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, material or non-material, disputed or undisputed, and whether imposed by agreement, understanding, law, equity or otherwise, including, without limitation, claims otherwise arising under any theory, law or doctrine of successor liability or related theories (each an "*Encumbrance*", collectively, as the "*Encumbrances*") and without the protections of this Order would hinder the Debtors' ability to obtain the consideration provided for in the Purchase Agreement, thus, would impact materially and adversely the value that the Debtors' estates would be able to obtain for the sale of such Acquired Assets. But for the protections afforded to the Buyer under the Bankruptcy Code and this Order, the Buyer would not have offered to pay the consideration contemplated in the Purchase Agreement. In addition, each entity with an Encumbrance upon the Acquired Assets, (a) has consented to the Sale or is deemed to have consented to the Sale, (b) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest, or (c) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Encumbrances who did not object, or who withdrew their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Therefore, approval of the Purchase Agreement and the consummation of the Sale free and clear of Encumbrances is

7

appropriate pursuant to section 363(f) of the Bankruptcy Code and is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

L. **Arm's-Length Sale:** The consideration to be paid by the Buyer under the Purchase Agreement was negotiated at arm's-length and constitutes reasonably equivalent value and fair and adequate consideration for the Acquired Assets. The terms and conditions set forth in the Purchase Agreement are fair and reasonable under these circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

M. **Good Faith:** The Debtors, their management and board of directors, employees, agents, and representatives actively participated in the bidding process and acted in good faith. The Purchase Agreement between the Buyer and the Debtors was negotiated and entered into based upon arm's-length bargaining, without collusion or fraud, and in good faith as that term is used in sections 363(m) and 364(e) of the Bankruptcy Code. The Buyer shall be protected by sections 363(m) and 364(e) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. The Debtors were free to deal with any other party interested in buying or selling on behalf of the Debtors' estates some or all of the Acquired Assets. Neither the Debtors, nor the Buyer has engaged in any conduct that would cause or permit the Sale, Purchase Agreement or any related action or the transactions contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code, or that would prevent the application of sections 363(m) or 364(e) of the Bankruptcy Code. The Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction. Specifically, the Buyer has not acted in a collusive manner with any person and the marketing and sale process for the Acquired Assets was not controlled by any agreement among bidders. The Buyer's prospective performance and payment of amounts

8

owing under the Purchase Agreement are each in good faith and for valid business purposes and uses.

N.  **Assumed Liabilities and Permitted Liens:**  The Buyer has not agreed to assume and shall have no obligations with respect to any liabilities of the Debtors or their Subsidiaries or Affiliates other than the Assumed Liabilities and the Permitted Liens expressly set forth in the Purchase Agreement.

O.  **Transfer of Acquired Assets:**  The transfer of each of the Acquired Assets to the Buyer will be as of the Closing Date a legal, valid, and effective transfer of such assets and vests or will vest the Buyer with all right, title, and interest of the Debtors in the Acquired Assets free and clear of all Encumbrances accruing, arising, or relating thereto any time prior to the Closing Date, except for any Assumed Liabilities and Permitted Liens under the Purchase Agreement.

P.  **Assumed Contracts:**  The Debtors and the Buyer have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including, without limitation, sections 365(b)(1)(A) and (B) and 365(f) of the Bankruptcy Code, in connection with the Sale and the assumption and assignment of the Assumed Contracts to the extent provided under the Purchase Agreement.  The Buyer is able to demonstrate adequate assurance of future performance with respect to any Assumed Contract in accordance with section 365(b)(1)(C) of the Bankruptcy Code.  Except as expressly provided by the Purchase Agreement, the Assumed Contracts are assumable and assignable notwithstanding any provisions contained therein to the contrary.

Q.  **No Continuation:**  By consummating the Sale pursuant to the Purchase Agreement and the Sale contemplated thereby, the Buyer is not a mere continuation of the Debtors or their estates and there is no continuity between the Buyer and the Debtors.  The Buyer

9

is not holding itself out to the public as a continuation of the Debtors. The Buyer is not a successor to the Debtors or their estates and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Buyer and the Debtors.

R. **No *Sub Rosa* Plan:** The Sale of the Acquired Assets outside a chapter 11 plan pursuant to the Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a chapter 11 plan of the Debtors. The Sale does not constitute a *sub rosa* plan.

S. **Insider Status:** The Buyer is not an "insider" or "affiliate" of the Debtors as those terms are defined in section 101(31) of the Bankruptcy Code. No common identity of directors or controlling stockholders exists between the Buyer and the Debtors.

T. **Corporate Authority:** The Debtors (i) have full corporate or other power to execute, deliver and perform their obligations under the Purchase Agreement and all other transactions contemplated thereby (including, without limitation, assuming and assigning to the Buyer the Assumed Contracts), and entry into the Purchase Agreement have been duly and validly authorized by all necessary corporate or similar action, (ii) have all of the corporate or other power and authority necessary to consummate the transactions contemplated by the Purchase Agreement, and (iii) have taken all actions necessary to authorize and approve the Purchase Agreement and the transactions contemplated thereby. No consents or approvals, other than those expressly provided for herein or in the Purchase Agreement, are required for the Debtors to consummate such transactions.

U. **Sale Procedures Order:** The Sale Procedures Order has not been vacated and is incorporated herein by reference.

10

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### Motion Granted, Objections Overruled

1.     The relief requested in the Motion is granted and approved as set forth in this Order, and the Sale contemplated thereby and by the Purchase Agreement is approved as set forth in this Order.

2.     Any and all objections and responses to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or resolved as set forth herein, and all reservations of rights included in such objections and responses, are hereby overruled in all respects and denied.

### Purchase Agreement Approved and Authorized

3.     The Purchase Agreement is approved pursuant to section 363 and 365 of the Bankruptcy Code. The Debtors are hereby authorized and empowered to enter into and perform under the Purchase Agreement, and the Purchase Agreement (and the transactions contemplated therein (including, without limitation, assuming and assigning to the Buyer the Assumed Contracts) without further order of the Court) is hereby approved in its entirety and is incorporated herein by reference. The failure to include specifically any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and all of its provisions, payments and transactions, be authorized and approved in their entirety. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

4.     The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to take such actions as may be necessary and appropriate to implement the Purchase

11

Agreement and to consummate the Sale in accordance with the terms and conditions set forth in the Purchase Agreement and this Order (including, without limitation, executing, acknowledging, and delivering such deeds, assignments, conveyances, and other assurances, documents, and instruments of transfer and taking any action for purposes of assigning, transferring, granting, conveying, and confirming to the Buyer, or reducing to possession, any or all of the Acquired Assets), without the necessity of a further order of this Court.

5. The Debtors are authorized, pursuant to sections 105 and 363(b) and (f) of the Bankruptcy Code, to sell the Acquired Assets to the Buyer upon delivery of the consideration to be paid at the Closing specified in the Purchase Agreement.

6. Upon the Closing, all of the Debtors' right, title, and interest in and to, and possession of, the Acquired Assets shall be immediately vested in the Buyer with good and marketable title pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code free and clear of any and all Encumbrances (except for the Assumed Liabilities and the Permitted Liens). Unless the holders of Encumbrances in or against the Acquired Assets have agreed to other treatment and except as set forth explicitly in the Purchase Agreement, such Encumbrances shall attach to the proceeds of the Sale with the same force, effect, validity, and priority that existed against the Acquired Assets prior to the Petition Date. Buyer does not assume and is not liable for any Excluded Liabilities (as defined in the Purchase Agreement).

7. The sale of the Acquired Assets to the Buyer under the Purchase Agreement constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions, including, without limitation, the laws of each state in which the Acquired Assets are located. The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

12

8.     The Debtors are hereby authorized to pay, without further order of this Court, whether before, at, or after the Closing, any expenses or costs that are required to be paid to consummate the Sale or perform their obligations under the Purchase Agreement.  Any amounts that become payable by the Debtors to the Buyer pursuant to the Purchase Agreement (and related agreements executed in connection therewith) shall constitute a superpriority administrative expense within the meaning of sections 364(c)(1) and 503(b)(1) of the Bankruptcy Code, subject to the Carve-Out (as defined in the *Final Order (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to the Adequate Protection Parties, (C) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B), and (D) Granting Related Relief* [Docket No. 83]), and shall be treated with such priority in the event of conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.  Until satisfied, all such obligations shall continue to have the protections provided in this Order, and shall not be discharged, modified, or otherwise affected by the appointment of a chapter 7 trustee or any chapter 11 plan for the Debtors or by any other order of the Court.

9.     All entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or that would be inconsistent with, the ability of the Debtors to transfer the Acquired Assets to the Buyer in accordance with the Purchase Agreement and this Order.

10.    The Debtors are hereby authorized and directed to assume and to assign to the Buyer the Assumed Contracts pursuant to section 365 of the Bankruptcy Code free and clear of all Encumbrances (other than Assumed Liabilities and Permitted Liens).  Each of the contracts and leases set forth on Exhibit B attached to this Order constitutes an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or is deemed a valid and enforceable post-petition contract or lease of the Debtors, which contract or lease may be

13

assumed and/or assigned by the Debtors effective upon the sale of the Acquired Assets. No later than five (5) business days after the Closing Date, the Debtors will file a complete list of the contracts and leases that were assumed and assigned as Assumed Contracts as of the Closing Date in connection with the sale of the Acquired Assets. The assumption of any liabilities under the Assumed Contracts by the Buyer shall constitute a legal, valid, and effective delegation of all liabilities thereunder to the Buyer and shall divest the Debtors of all liability with respect to such Assumed Contracts.

11.     Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Debtors shall pay to the counterparties to any Assumed Contracts the Cure Costs (other than the Buyer Cure Costs with respect to the assumed SBA Contracts), if any, set forth on Exhibit B hereto, such Cure Costs representing the maximum Cure Costs, if any, due to such counterparties, no later than five (5) business days after the later of (i) the Closing Date and (ii) the date the Court enters an order determining the Cure Costs, or such other amounts as the parties to such contracts shall have agreed to accept in lieu of such Cure Costs or, if a valid, timely objection was filed regarding such Cure Costs which as of Closing of the sale of the Acquired Assets has not been resolved, the cure amount asserted by the objecting parties (or such lower amount as may be fixed by the Court) shall be deposited with, and held in a segregated account by, the Debtors or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties. The payment of the applicable Cure Costs shall: (a) cure all defaults under the Assumed Contracts as contemplated by section 365 of the Bankruptcy Code as of the Closing Date; (b) compensate for any actual pecuniary loss to such non-Debtor counterparty resulting from such default; and (c) together with the assumption of the Assumed Contracts by

14

the Debtors and the assignment of the Assumed Contracts to the Buyer constitute adequate assurance of future performance thereof.

12.     No defaults exist in the Debtors' performance under the Assumed Contracts as of the date of this Order other than the failure to pay amounts equal to the Cure Costs or defaults that are not required to be cured as contemplated in section 365(b)(1)(A) of the Bankruptcy Code.

13.     Upon the Closing, the Buyer shall be deemed to be substituted for the Debtors as a party to the applicable Assumed Contracts, and the Debtors and their estates shall be released from any liability for breach of such Assumed Contract occurring after such assignment pursuant to section 365(k) of the Bankruptcy Code. Any entity that may have had the right to consent to the assignment of any Assumed Contract is deemed to have consented for the purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code.

14.     The Assumed Contracts are valid and binding, in full force and effect, and enforceable in accordance with their terms. Any provision in any Assumed Contract that purports to declare a breach or default as a result of a change of control in respect of the Debtors is unenforceable and all Assumed Contracts shall remain in full force and effect. No sections or provisions of any Assumed Contracts that purport to (i) prohibit, restrict, or condition the Debtors' assignment of the Assumed Contract, including, without limitation, the conditioning of such assignment on the consent of the non-debtor party to such Assumed Contract; (ii) authorize the dissolution of any partnership or determination, cancellation, or modification of any partnership interest or Assumed Contract based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; or (iii) provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to

15

the Assumed Contracts upon the occurrence of the conditions set forth in subsections (i) and (ii) above, shall have any force and effect with respect to the Sale and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code. The non-debtor party to each Assumed Contract shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Buyer shall enjoy all of the rights and benefits under each such Assumed Contract as of the applicable date of assumption without the necessity of obtaining such non-debtor party's written consent to the assumption or assignment thereof.

15. The Buyer has demonstrated adequate assurance of future performance with respect to the Assumed Contracts within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

16. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Assumed Contracts, and such Assumed Contracts shall remain in full force and effect for the benefit of the Buyer.

17. Each non-Debtor counterparty to an Assumed Contract shall, as of the Closing, be forever barred and enjoined from asserting against the Debtors, their bankruptcy estates, the Buyer or any of the Acquired Assets: (a) any default, monetary or non-monetary, existing as of the Closing, or (b) any objection to the assumption and/or assignment of such non-Debtor counterparty's Assumed Contracts, whether or not such non-debtor party previously filed a proof of claim or files a proof of claim in the future.

18.     Each non-Debtor counterparty to an Assumed Contract shall be forever barred, estopped, and permanently enjoined from asserting against the Buyer or its respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising, or accruing as of the Closing Date or arising by reason of the Closing, including, without limitation, any breach related to or arising out of a change-in-control in such Assumed Contract, or any purported written or oral modification to the Assumed Contracts.

19.     The Debtors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Encumbrances of any kind against the Acquired Assets as such Encumbrances may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing liens, claims or encumbrances or other Encumbrances on the Acquired Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Encumbrances that the person or entity has with respect to the Acquired Assets, then: (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Acquired Assets prior to the Closing; (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Encumbrances against, in, or on the Buyer and the Acquired Assets; and (c) the Buyer may seek in this Court or any other court to compel appropriate entities to execute termination statements, instruments of satisfaction, and releases of all Encumbrances with respect to the Acquired Assets other than Assumed Liabilities and Permitted Liens.

17

20.     Any liens, claims, Encumbrances and interests of any kind asserted under laws, rules, regulations or governmental or court orders imposing a stamp, transfer tax or similar tax arising from the transfer of the Acquired Assets to the Buyer shall be filed against the Debtors' estates and shall not be asserted against the Buyer.  Pursuant to sections 105(a) and 363 of the Bankruptcy Code, all Governmental Units and Persons (as defined in sections 101(27) and 101(41) of the Bankruptcy Code, respectively) are hereby enjoined from taking any action against the Buyer to recover any claim which such Person or Governmental Unit has or may assert against the Debtors (as such claims exist immediately prior to the Closing).

21.     The Buyer has not assumed or otherwise become obligated for any of the Debtors' liabilities other than as specifically set forth in the Purchase Agreement.  Consequently, except as explicitly set forth in the Purchase Agreement solely with respect to Assumed Liabilities and Permitted Liens, all entities hereby waive, release, and are hereby forever barred, estopped, prohibited, and permanently enjoined from asserting or prosecuting any claim, Encumbrance or cause of action against, in, or on the Buyer, its successors or assigns, and their property or commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, or their assets (including, without limitation, the Acquired Assets), with respect to any (a) Encumbrance against, in, or on the Debtors or the Acquired Assets or (b) successor or transferee liability, including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Encumbrance; (iv) asserting any setoff, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action, in any

18

manner or place, that does not comply with, or is inconsistent with, the provisions of this Order

or other orders of this Court, or the agreements or actions contemplated or taken in respect

hereof; or (vi) revoking, terminating, failing or refusing to renew any license, permit, or

authorization to operate any of the Acquired Assets or conduct any of the businesses operated

with such assets.

22.     Except to the extent explicitly set forth in the Purchase Agreement, the Buyer

shall not be deemed, as a result of any action taken in connection with the Purchase Agreement,

the consummation of the transactions thereunder, or the transfer, operation, or use of the

Acquired Assets to: (a) be a legal successor or otherwise be deemed a successor to the Debtors or

their estates; (b) have, de facto or otherwise, merged with or into the Debtors; (c) be a

consolidation with the Debtors or their estates; or (d) be an alter ego or a mere continuation or

substantial continuation of the Debtors, including, without limitation, within the meaning of any

foreign, federal, state, or local revenue, pension, ERISA, tax, labor, employment, environmental,

or other rule or regulation (including, without limitation, filing requirements under any such

laws, rules, or regulations), or under any products liability law or doctrine with respect to the

Debtors' liability under such law, rule, regulation, or doctrine.

23.     Pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities,

including, without limitation, all parties holding any claim, Encumbrance or cause of action

against the Debtors, their estates or their assets, the Debtors' employees, former employees and

members, administrative agencies, governmental departments, secretaries of state, federal, state

and local officials, including, without limitation, such officials maintaining any authority relating

to environmental, labor and health and safety laws, and their respective successors or assigns, are

hereby permanently and forever barred, restrained and enjoined from commencing or continuing

19

in any manner any action or other proceeding of any kind or the employment of any process or any act to collect, offset or recover such claim, Encumbrance or cause of action against the Buyer, or that seeks to impose liability upon the Buyer or any affiliate, successor or assign thereof, or against the Acquired Assets or the Assumed Contracts, under the laws of the United States, any state, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor or transferee liability or any liability for pre- or postpetition claim, Encumbrance or cause of action against the Debtors by reason of the transfer of the Acquired Assets to the Buyer, except for the Assumed Liabilities, including, without limitation, pre- and postpetition claims, Encumbrances or causes of action of any federal, state or local governmental entities, of any current or former employee for claims arising out of employment and termination of employment, including, without limitation, claims for wages, bonuses, commissions, accrued vacation (except as provided in the Purchase Agreement), severance, continuation of coverage under COBRA, or pension, welfare, fringe benefits or any other benefits of any kind including, without limitation, obligations in respect of retiree medical coverage or benefits.

24.    The Buyer is hereby granted and is entitled to the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code, including, without limitation, with respect to any transfer of any Assumed Contracts as part of the sale of the Acquired Assets pursuant to section 365 of the Bankruptcy Code and this Order.

25.    Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement and this Order.

20

26. The provisions of this Order shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtors and the Buyer and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Buyer deem necessary or appropriate to implement and effectuate the terms of the Purchase Agreement and this Order.

27. The Purchase Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Buyer without further action of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to and effectuates the Purchase Agreement and any related agreements.

28. The failure specifically to include any particular provisions of the Purchase Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors and the Buyer that the Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

29. Except as set forth in the Purchase Agreement, the Buyer shall not be obligated to (i) continue or maintain in effect, or assume any liability in respect of any employee, collective bargaining agreement, pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which either of the Debtors is a party or has any responsibility therefor, including, without limitation, medical, welfare and pension benefits

21

payable after retirement or other termination of employment, or (ii) assume any responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in respect of the funding, investment or administration of any employee benefit plan, arrangement, or agreement (including, without limitation, pension plans) or the termination of any such plan, arrangement, or agreement.

### Order Binding

30.     This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Acquired Assets; and each of the foregoing entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

31.     This Order and the terms and provisions of the Purchase Agreement shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Buyer and their respective affiliates, successors and assigns, and any affected third parties including, without limitation, all persons asserting an interest in the Acquired Assets, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, such terms and provisions likewise shall be binding.  The provisions of this

22

Order and the terms and provisions of the Purchase Agreement, and any actions taken pursuant hereto or thereto shall survive the entry of any order that may be entered confirming or consummating any plan(s) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the Purchase Agreement, as well as the rights and interests granted pursuant to this Order and the Purchase Agreement shall continue in these or any superseding cases and shall be binding upon the Debtors, the Buyer, and their respective successors and permitted assigns, including, without limitation, any trustees or other fiduciaries hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed in the Debtors' cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order and the Purchase Agreement, and the Buyer and the trustee shall be and hereby are authorized to perform under the Purchase Agreement upon the appointment of the trustee without the need for further order of this Court.

### Good Faith

32.     Entry into Purchase Agreement is undertaken by the parties thereto in good faith, as that term is used in sections 363(m) and 364(e) of the Bankruptcy Code, and the Buyer shall be protected by sections 363(m) and 364(e) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. The reversal or modification on appeal of the authorization provided herein to enter into Purchase Agreement and consummate the transactions contemplated thereby shall not affect the validity of such transactions, unless such authorization is duly stayed pending such appeal. The Buyer is entitled to all of the benefits and protections afforded by sections 363(m) and 364(e) of the Bankruptcy Code, including, without limitation, with respect to any transfer of any Assumed Contracts as part of the sale of the Acquired Assets

23

pursuant to section 365 of the Bankruptcy Code and this Order. The transactions under the Purchase Agreement may not be avoided under section 363(n) of the Bankruptcy Code.

## Other Provisions

33.     The Buyer is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order, the various procedures contemplated herein, any issues related to or otherwise connected to the Sale and the Purchase Agreement.

34.     Nothing contained in any plan confirmed in the Debtors' chapter 11 cases or any order of this Court confirming such plan or in any other order in these chapter 11 cases (including, without limitation, any order approving the wind-down or dismissal of these chapter 11 cases or any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of the Purchase Agreement or this Order, and to the extent of any conflict or derogation between this Order or the Purchase Agreement and such future plan or order, the terms of this Order and the Purchase Agreement shall control. This Order shall survive any dismissal of these chapter 11 cases.

35.     The Purchase Agreement and related documents may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

36.     This Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Buyer or its designees, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the transactions under the Purchase Agreement. This Court

24

retains jurisdiction to compel delivery of the Acquired Assets, to protect the Buyer and its assets against any Encumbrances and successor and transferee liability, and to enter orders, as appropriate, pursuant to sections 105, 363, or 365 or other applicable provisions of the Bankruptcy Code necessary to transfer the Acquired Assets and the Assumed Contracts to the Buyer; *provided, however*, that, in the event the Court abstains form exercising or declines to exercise such jurisdiction with respect to the Purchase Agreement, the Sale Procedures Order, or this Order, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

37.     The automatic stay imposed by section 362 of the Bankruptcy Code is modified and the Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase Agreement.

38.     The Buyer is hereby authorized in connection with the consummation of the transactions under the Purchase Agreement to allocate the Acquired Assets, the Assumed Liabilities, and the Assumed Contracts among their affiliates, designees, assignees, and/or successors in a manner as it, in its sole discretion, deem appropriate, and to assign, sublease, sublicense, transfer, or otherwise dispose of any of the Acquired Assets or the rights under any Assumed Contract to their affiliates, designees, assignees, and/or successors with all of the rights and protections accorded under this Order and the Purchase Agreement.

39.     The Debtors hereby waive any and all actions related to, and hereby release, the Buyer and its shareholders, controlling persons, directors, agents, officers, subsidiaries, affiliates, successors, assigns, managers, principals, officers, employees, investors, funds, advisors, attorneys, professionals, representatives, accountants, investment bankers, and consultants, each

in their respective capacity as such, from any and all damages, losses, obligations, liabilities, claims, actions, causes of action, costs and expenses of any kind, whether known or unknown, now existing or hereafter arising, asserted or unasserted, mature or inchoate, contingent or non-contingent, liquidated or unliquidated, material or non-material, disputed or undisputed, and whether imposed by agreement, understanding, law, equity or otherwise, except to the extent assumed or established under the Purchase Agreement.

40.     All entities, presently, or on or after the Closing, in possession of some or all of the Acquired Assets are directed to surrender possession of the Acquired Assets directly to the Buyer or its designees on the Closing or at such time thereafter as the Buyer may request.

41.     No bulk sales law or similar law of any state or other jurisdiction shall apply in ny way to the transactions with the Debtors, including, without limitation, the Purchase Agreement and the transactions thereunder.

42.     The Debtors are authorized and directed, upon and in connection with the Closing of the Sale, to change their corporate names and the caption of these chapter 11 cases, consistent with applicable law, to comply with this Order and Section 7.05 of the Purchase Agreement.

43.     Notwithstanding Bankruptcy Rules 4001, 6004 and 6006, or any other law that would serve to stay or limit the immediate effect of this Order, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Buyer are free to perform under the Purchase Agreement at any time, subject to the respective terms hereof and thereof.

44.     To the extent of any conflict between the Sale Procedures Order and this Order, the terms of this Order shall govern and control.

26

45.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).


Dated: _____ ___, 2014
       Wilmington, Delaware          _____
                                     THE HONORABLE BRENDAN L. SHANNON
                                     UNITED STATES BANKRUPTCY JUDGE