# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EDGENET, INC., *et al.*,[1] | Case No. 14- 10066 (BLS) |
| Debtors. | Jointly Administered |
| | Hearing Date: May 14, 2014 at 10:30 a.m. |
| | Objection Deadline: May 7, 2014 at 4:00 p.m. |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS-IN-POSSESSION TO TERMINATE THE DEBTORS' 401(k) PLAN AND FOR RELATED RELIEF

Edgenet, Inc. and Edgenet Holding Corporation, the debtors and debtors-in-possession herein (collectively, the "***Debtors***"),[2] respectfully represent:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein is sections 105(a) and 363(b) of the Bankruptcy Code.

### PROCEDURAL BACKGROUND

3. On January 14, 2014 (the "***Petition Date***"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The address of the Debtors' corporate headquarters is 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, GA 30305.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases can be found in the First Day Declaration of Juliet Reising, Chief Financial Officer of the Debtors (the "***First Day Declaration***"), filed in support of the Debtors' First Day Pleadings.

1

authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 13, 2014, the Office of the United States Trustee appointed the Committee of Note Holders in the Debtors' Chapter 11 cases. [D.I. No. 141].

## THE 401(k) PLAN

4. Debtor Edgenet, Inc. maintains a 401(k) plan for eligible employees (the "*401(k) Plan*"). The 401(k) Plan meets the requirements of sections 401(a) and 401(k) of the Internal Revenue Code.

5. The 401(k) Plan is administered and sponsored by Edgenet, Inc. Eligible employees (the "*Plan Participants*") can elect to make before-tax contributions to the 401(k) Plan through payroll deductions that are then invested as the Plan Participant directs, in accordance with the investment options provided. Under the 401(k) Plan, the Debtors match 100% of the contributions of Plan Participants up to three percent of the Plan Participant's cash salary for the Plan year.

## RELIEF REQUESTED

6. By this Motion, the Debtors respectfully request the entry of an Order authorizing but not directing the Debtors to (a) terminate the 401(k) Plan, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code; (b) engage and compensate such professionals as may be required in the ordinary course of business to complete the termination and wind down of the 401(k) Plan without further order of this Court, and (c) and take such further actions as may be required to terminate and wind down the 401(k) Plan.

2

## BASIS FOR RELIEF

7.  Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the use of a debtor's assets outside the ordinary course of business. However, courts in this Circuit and other have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtors. See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); see also Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983).

8.  A debtor's showing of a sound business purpose need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case. Lionel, 722 F.2d at 1701; Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999).

9.  Section 105(a) of the Bankruptcy Code likewise authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." See 2 Collier on Bankruptcy ¶ 105.01 (15th ed. rev. 2003).

10. On April 11, 2014, the Debtors executed an Asset Purchase Agreement (the "***Purchase Agreement***"), with PCF Number 2, Inc. (the "***Buyer***") providing for the sale of certain assets to the Buyer and the Debtors' assumption and/or assignment to the Buyer of certain contracts and unexpired leases. In connection with the transaction, the Debtors filed (i) a Motion For Sale of Property Free and Clear of Liens under Section 363(f) Debtors' Motion for Order (A) Authorizing and Approving Asset Purchase Agreement; (B) Approving, Subject to Higher or Better Offers, Sale of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Encumbrances and Interests; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (D) Authorizing the Debtors to Consummate Transactions Related to the Above; and (E) Granting Other Relief (the "***Sale Motion***") [D.I. No. 197] and (ii) a Motion for an Order (A) Approving Sale Procedures and Bidding Protections in Connection with Sale of the Debtors Assets Pursuant to Sections 363 and 365 of the Bankruptcy Code; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale of the Debtors Assets; (C) Approving Notice of Respective Dates, Times, and Places for Auction and for Hearing on Approval of Asset Purchase Agreement and Sale of the Debtors Assets, and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Other Relief (the "***Bid Procedures Motion***") [D.I. No. 199]. The Bid Procedures Motion is scheduled to be heard on May 5, 2014 (the Sale Motion has yet to be scheduled for hearing). Assuming the Debtors conduct a successful sale process (the "**Sale**"), after the Sale closes, they will have no remaining employees.

11. Under the APA with the stalking horse bidder, the 401(k) Plan is not being assumed and the Debtors do not believe that any other bidder will assume the 401(k) Plan. As a result, it will be necessary for the Debtors to terminate it. To ensure that the 401(k) Plan is terminated effectively and efficiently and in an effort to make prompt distributions to plan participants, the Debtors submit that it is in the best interest of the Debtors' estates to terminate it as soon as possible.

12. By this Motion, the Debtors also seek authority to retain and compensate, without further order of this Court, professionals to perform the audits required by applicable law and such other professionals as may be required to properly terminate and wind down the 401(k) Plan. Debtor Edgenet Inc., as the employer sponsor of the 401(k) Plan, is required by the Department of Labor's Rules and Regulations for Reporting and Disclosure under ERISA to file Form 5500 - Annual Return/Report of Employee Benefit Plan, with the Department of Labor and the Internal Revenue Service. In connection with filing Form 5500, the Debtors must include certain audited financial statements and supplemental schedules of the 401(k) Plan, which will require the services of accounting professionals to perform the requisite audits.

13. The Debtors submit that ample cause exists to grant the relief requested by this Motion in light of the Debtors' responsibility to properly terminate the 401(k) Plan in a timely and proper manner and to enable the Debtors to comply with the Debtors' reporting requirements under applicable non-bankruptcy law.

## **NOTICE**

14. No trustee or examiner has been appointed in these cases. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Committee of Note Holders; (iii) counsel for Liberty Lenders Partners, L.L.C;

(iv) all parties asserting a security interest in the assets of the Debtors to the extent reasonably known to the Debtors; (v) all employees of the Debtors who are participants in the 401(k) Plan and, (vi) all parties who have filed a notice of appearance or otherwise requested notice in these chapter 11 proceedings in accordance with local rules and procedures or orders of this Court. The Debtors submit that no other notice need be given.

## No Prior Request

15. No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached as Exhibit A, granting this Motion and such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: April 23, 2014<br>Wilmington, Delaware | */s/ Raymond H. Lemisch*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Raymond H. Lemisch (DE Bar No. 4204)<br>Margaret M. Manning (DE Bar No. 4183)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br><br>-and-<br><br>Morton R. Branzburg (Admitted Pro Hac Vice)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103<br>Telephone: (215) 569-2700<br>Facsimile: (215) 568-6603<br><br>*Counsel to the Debtors and Debtors in Possession* |