IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| EDGENET, INC., *et al.*,[1] | ) Case No. 14- 10066 (BLS) |
| Debtors. | ) Jointly Administered |
|  | ) Hearing Date: May 14, 2014 at 10:30 a.m. |
|  | ) Objection Deadline: May 7, 2014 at 4:00 p.m. |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE
A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

Edgenet, Inc. and Edgenet Holding Corporation, the debtors and debtors-in-possession herein (collectively, the "***Debtors***"),[2] by and through their undersigned counsel hereby file this motion (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code"), for entry of an order: (a) extending the period in which the Debtors have the exclusive right to file a chapter 11 plan (the "***Exclusive Filing Period***") by 60 days, through and including July 13, 2014; and (b) extending the period in which the Debtors have the exclusive right to solicit acceptances of the chapter 11 plan (the "***Exclusive Solicitation Period***" and, together with the Exclusive Filing Period, the "***Exclusive Periods***") by 60 days, through and including September 11, 2014. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The address of the Debtors' corporate headquarters is 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, GA 30305.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases can be found in the First Day Declaration of Juliet Reising, Chief Financial Officer of the Debtors (the "***First Day Declaration***"), filed in support of the Debtors' First Day Pleadings.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "*Court*") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code.

## BACKGROUND

3. On January 14, 2014 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 13, 2014, the office of the United States Trustee (the "*UST*") appointed a five member Committee of Note Holders [D.I. No. 141]. No request for the appointment of a trustee or examiner has been made.

4. Prior to the Petition Date, and for reasons more fully set forth in the First Day Declaration, due to liquidity issues the Debtors decided to sell their assets and in support of that action plan hired JMP Securities, LLC ("*JMP*") to conduct a sale process, which began in July 2013.

5. As also described in the First Day Declaration, due to insufficient liquidity, interest payments owed to the Debtors' two secured lenders were not made in the late fall and early winter of 2013. The failure to make the aforementioned interest payments caused a default under the loan agreements with the secured lenders. Notwithstanding the defaults, the Debtors continued to move forward with the sale process in the hopes that if they found a buyer, an

agreement could be reached with the secured lenders as to a distribution of the sale proceeds, allowing a sale to close, thus preserving jobs for many of the Debtors' employees and maximizing value to all creditors and parties in interest. When a dispute arose between the two secured lenders as to the division of the proceeds of any sale of the Debtors' assets and threatened to derail the sale process to the detriment of all constituencies, the Debtors were compelled to initiate these bankruptcy proceedings in order to move forward with a sale process..

6. Dating back to before the Petition Date, the Debtors have been squarely focused on achieving an expeditious sale process that will maximize a return to the Debtors, their creditors and their estates, and much of the Debtors' focus has been towards this end.

7. On April 11, 2014, the Debtors executed an Asset Purchase Agreement (the "***Purchase Agreement***"), with PCF Number 2, Inc. (the "***Buyer***") providing for the sale of certain assets to the Buyer and the Debtors' assumption and/or assignment to the Buyer of certain contracts and unexpired leases. In connection with the transaction, the Debtors filed (i) a Motion For Sale of Property Free and Clear of Liens under Section 363(f) Debtors' Motion for Order (A) Authorizing and Approving Asset Purchase Agreement; (B) Approving, Subject to Higher or Better Offers, Sale of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Encumbrances and Interests; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (D) Authorizing the Debtors to Consummate Transactions Related to the Above; and (E) Granting Other Relief (the "***Sale Motion***") [D.I. No. 197] and (ii) a Motion for an Order (A) Approving Sale Procedures and Bidding Protections in Connection with Sale of the Debtors Assets Pursuant to Sections 363 and 365 of the Bankruptcy Code; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale of the Debtors Assets; (C)

Approving Notice of Respective Dates, Times, and Places for Auction and for Hearing on Approval of Asset Purchase Agreement and Sale of the Debtors Assets, and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Other Relief (the "*Bid Procedures Motion*") [D.I. No. 199]. The Bid Procedures Motion is scheduled to be heard on May 5, 2014 (the Sale Motion has yet to be scheduled for hearing).

8. Currently, the Debtors' Exclusive Filing Period is scheduled to expire on May 14, 2014 and the Exclusive Solicitation Period is scheduled to expire on July 13, 2014. To ensure that these Chapter 11 Cases continue to progress in an effective and efficient manner, the Debtors seek the requested extensions of the Exclusive Periods so that they can determine a course of action for these cases that best maximizes value for all parties in interest while also continuing to transition the Debtors' operations and address other pressing issues.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek the entry of an Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code, (a) extending the Debtors' Exclusive Filing Period by 60 days, through and including July 13, 2014 and (b) extending the Debtors' Exclusive Solicitation Period by 60 days, through and including September 11, 2014.

## BASIS FOR RELIEF REQUESTED

10. Section 1121(b) of the Bankruptcy Code provides that "only a debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). Sections 1121(c)(2) and (3) further provide, in relevant part, that a party in interest may file a plan if and only if "the debtor has not tiled a plan before 120 days after the date of the order

for relief under this chapter" or "the debtor has not filed a plan that has been accepted before 180 days after the date of the order for relief." 11 U.S.C. § 1121(c)(2)-(3).

11. Section 1121(d)(I) provides, in relevant part:

> [O]n request of a party in interest made within the respective periods in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

12. Pursuant to section 1121(d)(2) of the Bankruptcy Code, the 120-day Exclusive Filing Period may not be extended beyond a date that is 18 months after the Petition Date, and the 180-day Exclusive Solicitation Period may not be extended beyond a date that is 20 months after the Petition Date, See 11 U.S.C. § 1121(d)(2). In the present case, the requested extensions of the Exclusive Periods, if granted, do not extend beyond these deadlines. Thus, this Motion is consistent with the requirements of Bankruptcy Code section 1121(d)(2).

I. **A Court May Extend the Exclusive Periods for "Cause" under Section 1121(d) of the Bankruptcy Code**

13. Under section 1121(d)(1) of the Bankruptcy Code, a court may extend Exclusive Periods for "cause" shown. See 11 U.S.C. § 1121(d); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 433 (Bankr. E.D. Pa. 1986). The term "cause" is not defined in the Bankruptcy Code; rather, courts have broad discretion to determine "cause" based on the facts and circumstances of each case. *See First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) (stating that section 1121(d)(1) provided bankruptcy court with flexibility to increase the period of exclusivity in its discretion); see also *In re Burns and Roe Enters.*, Inc., No. 00-41610 (RG), 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2, 2005); *In re Gibson & Cushman Dredging*

*Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Sharon Steel Corp.*, 78 B.R. 762, 763-65 (Bankr. W.D. Pa. 1987).

14. Legislative history also makes clear that the term "cause" is intended to be a flexible standard aimed at balancing the competing interests of a debtor and its creditors. *See H.R. Rep.* No. 95-595 at 231-32 (1978). The purpose of exclusivity is to "promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *See H.R. Rep.* No. 95-595, at 36 (1994); *Burns and Roe*, 2005 WL 6289213, at *4. Accordingly, to fulfill Congress' legislative intent, debtors should be granted a reasonable opportunity to remain in control for a period of time to prepare adequate financial and nonfinancial information regarding the outcome of any proposed plan for disclosure to creditors. *See In re Mclean Indus.*, Inc., 87 B.R. 830, 833-34 (Bankr, S.D.N.Y. 1987); see also *In re All Seasons Indus., Inc.*, 121 B.R. 1002, 1006 (Bankr. N.D. Ind. 1990) ("One of the most important reasons for extending the debtor's period of exclusivity is to give the chapter 11 process of negotiation and compromise an opportunity to be fulfilled[.]"). 14. To determine whether cause exists to extend Exclusive Periods, courts consider several non-exclusive factors, including: (i) the size and complexity of a case; (ii) the debtor's need for sufficient time to negotiate a plan of reorganization and prepare adequate information; (iii) the existence of good faith progress toward reorganization; (iv) whether the debtor is paying its bills as they come due; (v) whether the debtor has shown a reasonable likelihood of proposing a viable plan of reorganization; (vi) the progress the debtor has made in negotiating with its creditors; (vii) the amount of time that has elapsed in the case; (viii) whether the debtor is seeking an extension of the exclusive periods to pressure creditors to submit to the debtors' reorganization demands; and (ix) whether any unresolved contingencies exist. E.g., *In re Adelphia Comm. Corp.*, 352 RR. 578, 587 (Bankr.

S.D.N.Y. 2006); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich, 1997); *In re Express One Intl, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). No single factor is dispositive in determining whether to extend exclusivity; rather, courts can choose to rely on only a few factors or even altogether differing factors. *See In re Elder-Beerman Stores Corp.*, No, C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997); *Dow Corning*, 208 B.R. at 669-70 (noting that sometimes certain factors are more important or relevant than others).

15.    As set forth below, an application of the relevant foregoing factors to the present case demonstrates that cause exists to grant the Debtors' requested extensions of the Exclusive Periods.

II.    **"Cause" Exists to Extend the Exclusive Periods**

A.    **The Size and Complexity of the Cases**

16.    While these cases are not necessarily large or complex in proportion to others that are pending in this District, it is not without issues that are unique to these Debtors.

B.    **The Debtors Have Made Good Faith Progress in These Cases**

17.    As further described in the Sale and Bid Procedures Motions, since the Petition Date, the Debtors have made significant progress in these Chapter 11 Cases. Indeed, although these Chapter 11 Cases have been pending for just over three months, the Debtors have, *inter alia* (i) prepared and filed Schedules of Assets and Liabilities and Statements of Financial Affairs and (ii) entered into an APA and filed the Bid Procedures and Sale Motions.  As soon as a sale closes, the Debtors can focus on determining a course of action for these cases that will maximize value and best serve the Debtors' creditors and parties in interest, whether such course of action involves a plan process or otherwise. The Debtors intend to maintain the speed and efficiency of these Chapter 11 Cases as they formulate this course of action and work to evaluate

and liquidate the Debtors' remaining assets. At the same time, however, the Debtors are mindful of the time required to analyze and monetize remaining assets, complete the transition of their books and records and address other pressing issues. The Debtors thus seek a brief extension of the Exclusive Periods so that they can work to both develop an appropriate course of action going forward and address effectively other critical issues present in these cases.

**C.     The Debtors are Paying their Post-Petition Obligations as They Become Due**

18.     Next, the fact that the Debtors continue to pay their post-petition obligations as such obligations become due supports an extension of the Debtors' Exclusive Periods. The Debtors have sufficient liquidity and to pay their bills as they become due in the ordinary course of business. Indeed, through prudent business decisions, the Debtors currently have sufficient resources to meet their required post-petition payment obligations and manage their remaining operations effectively.

**D.     The Chanter 11 Cases Have Been Pending for a Short Period of Time**

19.     That the Chapter 11 Cases have been pending for just over three months, during which time the Debtors have made significant progress, including entering into the APA and filing the Bid Procedures and Sale Motions further supports the requested extension of the Exclusive Periods. As indicated above, the Debtors need additional time to address various sale and eventual post-closing and asset disposition issues to develop a course of action that best serves the Debtors and their estates, creditors and parties in interest. Having sufficient time to develop a course of action that reflects the circumstances of these cases will in turn enable these cases to continue to progress in an efficient manner.

E.    **No Prejudice to Creditors**

20.    The Debtors do not believe that the requested extension of the Exclusive Periods will harm the Debtors' creditors or other parties in interest. On the contrary, the Debtors have conducted these Chapter 11 Cases in the most efficient manner possible to maximize the value of their estates. In addition, the Debtors are not seeking this extension to prejudice their creditors or to otherwise pressure creditors to submit to reorganization demands. Instead, the Debtors seek the requested extension so that they can maintain the status quo in these Chapter 11 Cases while finalizing the sale process and formulating a plan to liquidate their remaining operations and determining the best course for the cases going forward. Thus, because neither the Debtors' creditors nor any other party in interest will be prejudiced by the proposed extension of the Exclusive Periods, the Debtors submit that the relief requested should be approved.

21.    Lastly, as a precautionary measure, the Debtors reserve the right to request further extensions of the Exclusive Periods for cause.

## **NO PRIOR REQUEST**

22.    No previous request for the relief sought herein has been made to this or any other Court.

## **NOTICE**

23.    Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Committee of Noteholders; (iii) counsel for Liberty Lenders Partners, L.L.C.; (iv) all parties asserting a security interest in the assets of the Debtors to the extent reasonably known to the Debtors; and (v) all parties who have filed a notice of appearance or otherwise requested notice in these chapter 11 proceedings in accordance with

local rules and procedures or orders of this Court.  The Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto as <u>Exhibit A</u> (i) extending the Debtors' Exclusive Filing Period by 60 days, through and including July 13, 2014; (ii) extending the Debtors' Exclusive Solicitation Period by 60 days, through and including September 11, 2014; and (iii) granting the Debtors such other and further relief as is just and proper.


| | |
|---|---|
| Dated:  April 23, 2014<br>Wilmington, Delaware | */s/ Raymond H. Lemisch*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Raymond H. Lemisch (DE Bar No. 4204)<br>Margaret M. Manning (DE Bar No. 4183)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:    (302) 426-1189<br>Facsimile:    (302) 426-9193<br><br>-and-<br><br>Morton R. Branzburg (Admitted Pro Hac Vice)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103<br>Telephone:    (215) 569-2700<br>Facsimile:    (215) 568-6603<br><br>*Counsel to the Debtors and Debtors in Possession* |

PHIL1 3563847v.2