IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| EDGENET, INC., *et al.*,[1] ) | Case No. 14-10066 (BLS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Related to Docket No. 199 |

**ORDER (A) APPROVING SALE PROCEDURES AND BIDDING PROTECTIONS IN CONNECTION WITH SALE OF THE DEBTORS' ASSETS PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE OF THE DEBTORS' ASSETS; (C) APPROVING NOTICE OF RESPECTIVE DATES, TIMES, AND PLACES FOR AUCTION AND FOR HEARING ON APPROVAL OF ASSET PURCHASE AGREEMENT AND SALE OF THE DEBTORS' ASSETS, AND ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; AND (E) GRANTING OTHER RELIEF**

Upon consideration of the motion (the "***Motion***")[2] of the above-captioned debtors and debtors in possession (the "***Debtors***"), pursuant to sections 105(a), 363, 364, 365, 503 and 507 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002–1, 6004–1 and 9006-1 of the Local Rules of Bankruptcy Procedure and Practice of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for entry of an order authorizing and scheduling an auction and hearing to approve the sale of substantially all of the assets of Debtors, approving procedures for an auction and the sale of such assets,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The Debtors' main corporate address is: 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, Georgia 30305.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Sale Procedures attached hereto, or the Asset Purchase Agreement, as amended, between Edgenet, Inc., Edgenet Holding Corporation, and PCF Number 2, Inc. ("***Buyer***"), dated April 11, 2014, a copy of which is attached hereto as **Exhibit D**, and the exhibits and schedules thereto (each as may be amended or supplemented from time to time, collectively, the "***Purchase Agreement***").

PHIL1 3548262v.5

approving the Break-Up Fee, approving the scope and manner of notice, establishing procedures relating to assumption and assignment of the Debtors' contracts and leases; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this case; and after due deliberation thereon; and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS THAT:[3]

A.  This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief requested in the Motion are sections 105(a), 363, 364, 365, 503 and 507 of the Bankruptcy Code, (ii) Rules 2002, 6004, 6006, 9007 and 9014 of the Bankruptcy Rules, and (iii) Rules 2002-1, 6004-1 and 9006-1 of the Local Rules.

C.  Notice of the Motion having been provided to the parties listed therein is sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice is required except as set forth herein with respect to the sale procedures, attached hereto as **Exhibit A** (as same may be modified, the "*Sale Procedures*"), the Auction

---

[3] The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed. All findings of fact and conclusions of law announced by the Court at the hearing on the Motion in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

and the Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D.  The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including, without limitation: (i) approval of the Sale Procedures, including, without limitation, the Break-Up Fee; (ii) the scheduling of the Bid Deadline, Auction, and Sale Hearing for the Sale of the Assets; (iii) the establishment of procedures for the assumption and assignment of certain of the Debtors' contracts and leases, including, without limitation, notice of proposed cure amounts; and (iv) approval and authorization to serve the Sale Notice and the Cure Notice.

E.  The Sale Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors, their estates, and creditors.

F.  The form of Sale Notice and proposed notice procedures with respect thereto are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, Sale, Sale Hearing, and Sale Procedures.

G.  The form of Cure Notice and proposed notice procedures with respect thereto are appropriate and reasonably calculated to provide all counterparties to the Debtors' contracts and leases (the "*Contracts*") with proper notice of the potential assumption and assignment of such Contracts and the corresponding cure amount that the Debtors believe must be paid to cure all defaults under the Contracts to the extent required by section 365 of the Bankruptcy Code (the "*Cure Amounts*").

H.  The Break-Up Fee set forth in the Purchase Agreement shall be paid in accordance with the Purchase Agreement, and (i) if triggered, shall be deemed an actual and necessary cost and administrative expense of preserving the Debtors' estates, within the meaning

3

of section 503(b)(1) of the Bankruptcy Code, (ii) are reasonable and appropriate, particularly in light of the size and nature of the sale and the efforts that have been or will be expended by the Buyer notwithstanding that the proposed sale is subject to higher or otherwise better offers for the Assets, (iii) were negotiated by the parties at arm's-length and in good faith, and (iv) are necessary to ensure that the Buyer will continue to pursue its proposed acquisition of the Assets contemplated by the Purchase Agreement.

K.     The entry of this Order and the granting of the relief provided herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED in all respects to the extent provided herein.

2.     Any and all objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, as announced to the Court at, or prior to, the hearing on the Motion or set forth in a stipulation presented to the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3.     The Sale Procedures, substantially in the form attached hereto as **Exhibit A**,[4] are APPROVED and the terms thereof are incorporated herein as if fully set forth herein and shall apply with respect to the proposed Sale of the Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Sale Procedures to the extent consistent with the Purchase Agreement.

4.     Subject to the Sale Procedures and approval of the Sale at the Sale Hearing, the Debtors' authorization to enter into the Purchase Agreement attached hereto as **Exhibit D**, with the rights of parties in interest to raise objections to the terms of the Purchase Agreement

---

[4] For the convenience of the parties-in-interest, a chart listing important dates set forth in this Order is attached hereto as **Exhibit E**.

4

reserved until the objection deadline for the Sale Motion except as explicitly approved by this Order, is APPROVED. The Buyer is hereby deemed a Qualified Bidder, and the Purchase Agreement submitted to the Debtors by the Buyer is deemed a Qualified Bid, for all purposes in connection with the Sale Procedures, the Auction, and the Sale.

     5.     As further described in the Sale Procedures, the deadline for submitting Bids for the Assets is __6/2__, 2014 at ~~4:00 p.m.~~ noon (prevailing Eastern Time) (the "*Bid Deadline*").

     6.     Pursuant to Bankruptcy Rule 6004(f)(1), the Debtors are authorized to conduct an Auction in respect of the Assets pursuant to the terms and conditions set forth herein and in the Sale Procedures. If Qualified Bids (other than the Qualified Bid of the Buyer) are received by the Debtors in accordance with the Sale Procedures, the Auction shall take place on __6/4__, 2014 at 10:00 a.m. (prevailing Eastern Time) at the offices of Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801, or such other location and time as designated by the Debtors in a notice to all Qualified Bidders, the Office of the United States Trustee for the District of Delaware (the "*U.S. Trustee*"), Liberty Partners Lenders, L.L.C. ("*Liberty Lenders*"), the members of the committee of seller notes holders appointed by the U.S. Trustee in these cases (the "*Committee*") and the Committee professionals, as well as all other creditors and parties in interest which notify the Debtors of their interest in attending the auction, as set forth in paragraph 8 below, subject to the rights of the Debtors to seek to exclude certain creditors and parties in interest as set forth in paragraph 8 below. If, however, no Qualified Bid (other than the Qualified Bid of the Buyer) is received, the Auction will not be held.

     7.     Each Qualified Bidder at the Auction will be required to confirm that it has not engaged in any collusion with respect to its bidding on the Assets.

PHIL1 3548262v.55

8. The Auction will be conducted openly and all creditors and parties-in-interest of the Debtors are permitted to attend; *provided, however,* that in order to attend the Auction, a creditor or other party-in-interest must advise the Debtors in writing no later than 48 hours prior to the Auction; *provided further, however,* that the Debtors may seek relief from the Bankruptcy Court in the event that they object to such creditor's or other party-in-interest's attendance; *provided further, however,* that notwithstanding anything herein to the contrary, the Buyer, Qualified Bidders, the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***"), Liberty Partners Lenders, L.L.C. ("***Liberty Lenders***"), the members of the committee of seller note holders appointed by the Office of the United States Trustee in these cases (the "***Committee***"), and the Committee professionals shall be entitled to attend the Auction without objection by the Debtors.

9. Bidding at the Auction will be recorded or transcribed.

10. The Sale Hearing is scheduled to be held on ___6/16___, 2014 at __10:00__ a.m. (**prevailing Eastern Time**) before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801.

11. The Sale Notice, substantially in the form attached hereto as **Exhibit B**, is reasonable and appropriate and is hereby APPROVED and incorporated herein as if fully set forth herein.

12. The Debtors are hereby authorized and directed to serve copies of this Order (with all exhibits) and the Sale Notice, as well as the Sale Motion, if not already served, upon: (a) the U.S Trustee; (b) counsel, or if none has been appointed, proposed counsel to the Committee; (c) counsel to Liberty Lenders; (d) counsel to the Buyer; (e) parties entitled to receive notice in the

Bankruptcy Cases pursuant to Bankruptcy Rule 2002; (f) all entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance in or on the Assets; (g) all counterparties to the Debtors' Contracts; (h) the Internal Revenue Service and all state/local taxing authorities in jurisdictions where the Debtors have or may have any tax liability; (i) all government agencies required to receive notice of proceedings under the Bankruptcy Rules; (j) all persons who have expressed an interest in acquiring the Assets; and (k) all parties listed on the Debtors' Creditor Matrix, no later than three (3) Business Days after entry of this Order, by first class mail (postage prepaid), facsimile, overnight delivery, hand delivery, or electronic mail, and such service shall constitute good and sufficient notice of the Sale of the Assets, this Order, the Auction, the Sale Hearing and all proceedings to be held thereon.

13. In addition to the foregoing, as soon as practicable, but in any event no later than seven (7) business days after the entry of this Order, the Debtors shall publish the Sale Notice (modified for publication, as necessary) in one daily edition of *The USA Today*, national edition.

14. The Break-Up Fee, which includes a break-up fee in the amount of $195,000 and an expense reimbursement in the amount of up to $200,000 (subject to appropriate documentation, as set forth in the Motion), is hereby approved, authorized, and binding upon the Debtors and their estates as an administrative expense within the meaning of section 503(b)(1) of the Bankruptcy Code, subject to the Carve-Out (as defined in the *Final Order (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to the Adequate Protection Parties, (C) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B), and (D) Granting Related Relief* [Docket No. 83]). All support for the expense reimbursement shall be provided to the Debtors, the office of the United States Trustee, attn.: Juliet Sarkessian, Esq and Counsel for the Committee, Attn: Richelle Kalnit, Esquire. The Debtors, the United States

Trustee and Committee counsel shall have ten (10) days from receipt of such documentation to object to any expense item. In the event of an objection, the Debtors shall promptly schedule the objection for a hearing. The Debtors' obligation to pay the Break-Up Fee shall survive termination of the Purchase Agreement and shall be payable as provided in the Purchase Agreement. The Debtors are authorized and directed to pay the Break-Up Fee to the Buyer in accordance with the terms of the Purchase Agreement without further order of the Bankruptcy Court. Moreover, if Liberty Lenders bids all or some of its secured claim to purchase any of the Assets, then Liberty Lenders shall pay the Break-Up Fee to Buyer as a condition precedent to closing or consummation of such purchase.

15. The Cure Notice, substantially in the form attached hereto as **Exhibit C**, is reasonable and appropriate and is hereby APPROVED and incorporated herein as if fully set forth herein.

16. No later than 5/16, 2014, the Debtors shall file and serve by first class mail or hand delivery a Cure Notice on each counterparty to each Contract that may be assumed and/or assigned in the sale. Such Cure Notice is without prejudice to the Buyer's ability to designate, in accordance with the Purchase Agreement, the Contracts that shall be assumed and assigned in relation to the Sale up to the date of Closing on the Sale (such Contracts, the "*Assumed Contracts*"). Provision of the Cure Notice to a counterparty shall not be an admission that such Contract is an unexpired lease or executory contract, is capable of assumption or assignment, or that such Contract will be assumed and/or assigned. In addition, the Buyer shall provide the Debtors seven (7) calendar days after entry of this Order with evidence of the Buyer's adequate assurance of future performance, which such evidence may include, among other things: (i) evidence of financial wherewithal of the Buyer; and (ii) documents and other

evidence of adequate assurance of future performance by the Buyer, including, without limitation, a contact person that a counterparty to a Contract may contact directly in connection with the adequate assurance of future performance. Upon request by a counterparty to a Contract, the Debtors are authorized to provide the adequate assurance information to such counterparty on a confidential basis, and, by accepting such information, such counterparty is required to keep such adequate assurance information confidential without the need to enter into a separate confidentiality agreement.

17. All objections, if any, to the proposed assumption and assignment of any Contract, including, without limitation, objections to the Cure Amounts, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) to the extent it challenges a scheduled Cure Amount, set forth the cure amount being claimed by the objecting party and provide appropriate documentation to support such party's objection; (d) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801 by **4:00 p.m. (prevailing Eastern Time) on** [_May 30_], 2014 (the "***Cure Objection Deadline***"); and (e) be served upon (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn: Morton R. Branzburg, Esq. (email: mbranzburg@klehr.com) and 919 N. Market Street, Suite 1000, Wilmington, Delaware, 19801, Attn: Domenic E. Pacitti, Esq., (email: dpacitti@klehr.com); (ii) the U.S. Trustee, Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet Sarkessian, Esq.; (iii) proposed counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq., Jeffrey Cohen, Esq. and Richelle Kalnit, Esq. (emails: chershcopf@cooley.com, jcohen@cooley.com, rkalnit@cooley.com) and proposed

Delaware counsel to the Committee, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Brett D. Fallon, Esq. and Jeffrey Waxman, Esq. (emails: bfallon@morrisjames.com and jwaxman@morrisjames.com); (iv) counsel to Liberty Lenders, Kirkland & Ellis, LLP, 300 North La Salle Street, Chicago, Illinois 60654, Attn; Ryan Bennett, Esq., and Justin Bernbrock, Esq., and Delaware counsel to Liberty Lenders, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Timothy Cairns, Esq.; and (v) counsel to the Buyer, Paul Hastings LLP, 191 N. Wacker Drive, Thirtieth Floor, Chicago, Illinois 60606, Attn: Marc J. Carmel (email: marccarmel@paulhastings.com) (collectively, the "*Notice Parties*"), so as to be actually received no later than the Cure Objection Deadline.

18. Unless the counterparty to any Contract files an objection to its scheduled Cure Amount or the assumption and assignment of a Contract and serves a copy of such objection so as to be actually received by the Notice Parties no later than the Cure Objection Deadline, such counterparty shall be forever barred, estopped, and enjoined from objecting (a) to the Cure Amount and from asserting that any additional amounts are due or defaults exists and (b) that any conditions to the assumption and assignment must be satisfied under such Contract before it can be assumed and assigned or that any required consent to assumption or assignment has not been given.

19. No later than five (5) business days after the Closing Date, the Debtors will file a complete list of the Contracts that were assumed and assigned as Assumed Contracts as of the Closing Date in connection with the sale of the Assets.

20. All objections, if any, to the proposed assumption and assignment of any Contract relating solely to the adequate assurance of future performance of the Buyer, must: (a) be in

writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) specify the specific challenge to the proposed adequate assurance by the objecting party; (d) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 by **4:00 p.m. (prevailing Eastern Time) on [May 30]**, 2014 (the "*Adequate Assurance Objection Deadline*"); and (e) be served upon the Notice Parties, so as to be actually received no later than the Adequate Assurance Objection Deadline.

21. Unless the counterparty to any Contract files an objection to the adequate assurance of future performance of the Buyer and serves a copy of such objection so as to be actually received by the Notice Parties no later than the Adequate Assurance Objection Deadline, such counterparty shall be forever barred, estopped, and enjoined from objecting that the Buyer has not provided adequate assurance of future performance.

22. Any objection to the proposed assumption and assignment of Contracts relating solely to the adequate assurance of future performance regarding any proposed purchaser other than the Buyer shall be raised at the Sale Hearing.

23. In the event a party to a Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such Contract will be determined at the Sale Hearing or such other date and time as may be fixed by the Debtors or this Court. All other objections to the proposed assumption and assignment of any Contracts will be heard at the Sale Hearing.

24. If a Contract is an Assumed Contract as of Closing, and unless otherwise agreed to between the parties to the Assumed Contracts and the Debtors, the Debtors shall pay the Cure Amounts no later than five (5) business days after the later of (i) the Closing Date and (ii) the

date the Court enters an order determining the Cure Amount; provided that the cure amount asserted by an objecting party to an Assumed Contract (or such lower amount as may be fixed by the Court) shall be deposited with and held in a segregated account by the Debtors or such other person as the Court may direct pending further order of the applicable Court or mutual agreement of the parties.

25. Promptly upon the conclusion of the Auction (but in no event later than five hours after the conclusion of the Auction), the Debtors shall file with the Bankruptcy Court a notice identifying the Successful Bidder and shall also provide notice via fax, email, or, if those methods are not available, by overnight or hand delivery of the identity of the Successful Bidder to counterparties to Assumed Contracts, to the extent that such counterparties notify Debtors' counsel by the conclusion of the Auction of their desire for such immediate notice.

26. In the event the Successful Bidder is any party other than the Buyer, the Debtors shall, on or before June [4], 2014, and June 5, 2014 by 10:00 am by, serve by overnight mail, facsimile, email, or hand delivery to any counterparties of contracts or leases to be assumed and assigned to the Successful Bidder under such bidder's Modified Purchase Agreement, evidence of adequate assurance of future performance of the Successful Bidder pursuant to section 365 of the Bankruptcy Code, which such evidence may include, among other things: (i) the identity of the Successful Bidder, (ii) evidence of financial wherewithal of the Successful Bidder, and (iii) all documents and other evidence of adequate assurance of future performance by the Successful Bidder including, without limitation, a contact person for the proposed assignee that counterparties may directly contact in connection with the adequate assurance of future performance. The Debtors are authorized to provide the adequate assurance information to counterparties on a confidential basis and, by accepting such information, counterparties are required to keep such adequate

PHIL1 3548262v.55

assurance information confidential without the need to enter into a separate confidentiality agreement.

27. Responses or objections, if any, to the relief requested in the *Debtors' Motion for Order (A) Authorizing and Approving Asset Purchase Agreement; (B) Approving, Subject to Higher or Better Offers, Sale of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Encumbrances, and Interests; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (D) Authorizing the Debtors to Consummate Transactions Related to the Above; and (E) Granted Other Relief* [Docket No. 199] (other than objections to Cure Amounts or adequate assurance of future performance as it relates to Buyer), including, without limitation, the Debtors' request to approve the Sale of the Assets, must be: (a) in writing; (b) state with specificity the basis therefor; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Fl., Wilmington, Delaware, 19801 by **4:00 p.m. (prevailing Eastern Time) on [ May 30 ]**, 2014 (the "*Sale Objection Deadline*"); and (e) be served upon the Notice Parties, so as to be actually received no later than the Sale Objection Deadline.

28. The Debtors' obligations under this Order, the provisions of this Order, and the portions of the Purchase Agreement pertaining to the obligations to pay the Break-Up Fee shall survive confirmation of any chapter 11 plan, discharge of claims thereunder, dismissal of these chapter 11 cases, or conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, and shall be binding upon the Debtors, and the reorganized or reconstituted Debtors, as the case may be, after the effective date of a confirmed plan or plans in these chapter

13

11 cases, dismissal of these chapter 11 cases, or any conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, as applicable.

29. Notwithstanding Bankruptcy Rule 6004, 6006(d), 7062 or 9014, if applicable, or any other Local Rule or otherwise, this Order shall not be stayed for 14 days after the entry hereof, but shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

30. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

31. Any conflict between the terms and provisions of this Order and the Purchase Agreement shall be resolved in favor of this Order. To the extent that the Motion, Sale Procedures or Cure Notice is inconsistent with this Order, the provisions of this Order shall control.

32. This Court retains exclusive jurisdiction with respect to any matters related to or arising from the implementation of this Order.

Date: May 5, 2014
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Judge