# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EDGENET, INC., *et al.*,[1] | ) ) | Case No. 14-10066 (BLS) |
| Debtors. | ) ) ) | Jointly Administered |

## NOTICE OF SALE PROCEDURES, AUCTION DATE AND SALE HEARING

**PLEASE BE ADVISED** that, on May 5, 2014, pursuant to a motion, dated April 11, 2014 (the "***Sale Procedures Motion***"), filed by Edgenet, Inc. and Edgenet Holding Corporation, debtors and debtors-in-possession (collectively, the "***Debtors***"), the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") entered an Order (the "***Sale Procedures Order***") approving certain Sale Procedures (the "***Sale Procedures***") in connection with the proposed sale by the Debtors of certain their assets (the "***Assets***") to one or more bidders, at an auction (the "***Auction***") to be conducted at the offices of Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801, or at another location timely disclosed by the Debtors to Qualified Bidders (as defined herein), on June 4, 2014 at 10:00 a.m. (the "***Auction Date***"). A copy of the Sale Procedures and Sale Procedures Motion can be obtained by requesting same from Debtors' counsel at the address set forth below or by emailing Raymond H. Lemisch, Esq. at rlemisch@klehr.com.

**PLEASE BE FURTHER ADVISED** that The Auction will be conducted openly and all creditors and parties-in-interest of the Debtors are permitted to attend; *provided, however*, that in order to attend the Auction, a creditor or other party-in-interest must advise the Debtors, through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The Debtors' main corporate address is: 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, Georgia 30305.

their counsel, Raymond H. Lemisch email: rlenmisch@klehr.com, in writing no later than 48 hours prior to the Auction; *provided further*, *however*, that the Debtors may seek relief from the Bankruptcy Court in the event that they object to such creditor's or other party-in-interest's attendance; *provided further*, *however*, that notwithstanding anything herein to the contrary, the Buyer, Qualified Bidders (as defined below), the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***"), Liberty Partners Lenders, L.L.C. ("***Liberty Lenders***"), the members of the committee of seller note holders appointed by the Office of the United States Trustee in these cases (the "***Committee***"), and the Committee professionals shall be entitled to attend the Auction without objection by the Debtors.

**PLEASE BE FURTHER ADVISED** that, pursuant to the Sale Procedures, any bidder desiring to submit a bid at the Auction (a "***Bid***") shall be subject to the requirements in the Sale Procedures, and shall, among other things, send a letter indicating its interest in bidding addressed to the Debtors and their counsel, execute a confidentiality agreement and provide the requisite financial and other information (a "***Qualified Bidder***").

**PLEASE BE FURTHER ADVISED** that all Bids for the Assets shall be submitted in accordance with the Sale Procedures and shall be submitted in writing to JMP Securities, LLC ("***JMP***"), 450 Park Avenue, NY, NY 10022, Attn: Greg Thorne or gthorne@jmpsecurities.com (212 906-3588), such that the Bid is actually received not later than June 2, 2014 at 12 p.m.

**PLEASE BE FURTHER ADVISED** that objections to the relief requested in the *Debtors' Motion for Order (A) Authorizing and Approving Asset Purchase Agreement; (B) Approving, Subject to Higher or Better Offers, Sale of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Encumbrances, and Interests; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired*

*Leases Pursuant to Section 365 of the Bankruptcy Code; (D) Authorizing the Debtors to Consummate Transactions Related to the Above; and (E) Granted Other Relief* [Docket No. 197] (other than objections to Cure Amounts or adequate assurance of future performance as it relates to the Buyer), including, without limitation, the Debtors' request to approve the sale of the Assets, must be: (a) in writing; (b) state with specificity the basis therefor; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Fl., Wilmington, Delaware, 19801 by **4:00 p.m. (prevailing Eastern Time) on May 30, 2014** (the "*Sale Objection Deadline*"); and (e) be served upon (i) the Debtors, 8 Piedmont Center, 3525 Piedmont Road, Suite 420, Atlanta, Georgia 30305, Attn: Juliet Reising, Chief Financial Officer; (ii) counsel for the Debtors, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103 Attn: Morton R. Branzburg, Esq. and 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti, Esq.; (iii) proposed counsel to the official committee of note holders (the "*Committee*"), Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq., Jeffrey Cohen, Esq. and Richelle Kalnit, Esq., (emails: chershcopf@cooley.com, jcohen@cooley.com, rkalnit@cooley.com), and its proposed Delaware counsel, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Brett D. Fallon, Esq. and Jeffrey Waxman, Esq. (emails: bfallon@morrisjames.com and jwaxman@morrisjames.com); (iv) counsel to the Debtors' secured lender, Liberty Partners Lenders, L.L.C. ("*Liberty Lenders*"), Kirkland & Ellis, LLP, 300 North La Salle Street, Chicago, Illinois 60654, Attn; Ryan Bennett, Esq. and Justin Bernbrock, Esq., and Delaware counsel to Liberty Lenders, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Timothy Cairns, Esq.; (v) counsel to the Buyer, Paul

Hastings LLP, 191 N. Wacker Drive, Thirtieth Floor, Chicago, Illinois 60606, Attn: Marc J. Carmel (email: marccarmel@paulhastings.com); and (vi) the office of the United States Trustee for the District of Delaware, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet Sarkessian, Esq. (the "***Notice Parties***"), so as to be actually received no later than the Sale Objection Deadline.

**PLEASE BE FURTHER ADVISED** that promptly upon the conclusion of the Auction (but in no event later than five hours after the conclusion of the Auction), the Debtors shall file with the Bankruptcy Court a notice identifying the Successful Bidder(s) (as defined in the Sale Procedures) and shall also provide notice via fax, email, or, if those methods are not available, by overnight or hand delivery of the identity of the Successful Bidder to counterparties to contract or lease to be assumed and/or assigned, to the extent that such counterparties notify Debtors' counsel by the conclusion of the Auction of their desire for such immediate notice.

**PLEASE BE FURTHER ADVISED** that the Court has scheduled June 6, 2014, at 10:00 a.m. (or such time thereafter as counsel may be heard) as the date for a hearing (the "***Sale Hearing***") to consider entry of an order authorizing and approving: (i) the sale or sales of the Assets free and clear of all liens, claims, interests, and encumbrances, pursuant to the asset sale agreement or agreements as entered into by the Debtors pursuant to the Sale Procedures for the sale or sales of the Assets as a whole or in parts; and (ii) the assumption and assignment of certain contracts and leases in connection with the sale or sales of the Assets. The Sale Hearing may be adjourned with the consent of the Successful Bidder from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice of such adjournment on the Court's docket.

**PLEASE BE FURTHER ADVISED** that objections, if any, that relate to the proposed assumption and assignment of contracts and leases (including, without limitation, any objections relating to the validity of the cure amount as determined by the Debtors or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under such contracts or leases, not including accrued but not yet due obligations, in order for such contract or lease to be assumed and assigned) (a "*Cure Objection*"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) to the extent it challenges a scheduled Cure Amount, set forth the cure amount being claimed by the objecting party, the specific types and dates of the alleged defaults, pecuniary losses, and conditions to assignment, and provide appropriate documentation to support such party's objection; (d) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801 by **4:00 p.m. (prevailing Eastern Time) on May 30, 2014** (the "*Cure Objection Deadline*"); and (e) be served upon the Notice Parties, so as to be actually received no later than the Cure Objection Deadline.

**PLEASE BE FURTHER ADVISED** that unless the counterparty to a contract or lease files an objection to its scheduled cure amount or the assumption and assignment of a contract or lease and serves a copy of such objection so as to be actually received by the Notice Parties no later than the Cure Objection Deadline, such counterparty shall be forever barred, estopped, and enjoined from objecting (a) to the cure amount and from asserting that any additional amounts are due or defaults exists and (b) that any conditions to the assumption and assignment must be satisfied under such contract or lease before it can be assumed and assigned or that any required consent to assumption or assignment has not been given, and such counterparty shall be deemed

to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assumption and assignment of such contract or lease, as the case may be.

**PLEASE BE FURTHER ADVISED** that objections, if any, that relate to the proposed assumption and assignment a contract or lease, solely as it relates to the adequate assurance of future performance (an "*Adequate Assurance Objection*") by PCF Number 2, Inc., the stalking horse bidder (the "*Buyer*"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) specify the specific challenge to the proposed adequate assurance by the objecting party; (d) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 by **4:00 p.m. (prevailing Eastern Time) on May 30, 2014** (the "*Adequate Assurance Objection Deadline*"); and (e) be served upon the Notice Parties, so as to be actually received no later than the Adequate Assurance Objection Deadline. Any objection to the proposed assumption and assignment of contracts or leases relating solely to the adequate assurance of future performance regarding any proposed purchaser other than the Buyer shall be raised at the Sale Hearing.

**PLEASE BE FURTHER ADVISED** that, unless the counterparty to a contract or lease files an objection to the adequate assurance of future performance of the Buyer and serves a copy of such objection so as to be actually received by the Notice Parties no later than the Adequate Assurance Objection Deadline, such counterparty shall be forever barred, estopped, and enjoined from objecting that the Buyer has not provided adequate assurance of future performance, and such counterparty shall be deemed to have waived and released any right to assert an Adequate Assurance Objection.

**PLEASE BE FURTHER ADVISED** that hearings with respect to Cure Objections may be held (a) at the Sale Hearing or (b) at such other date as the Debtors or Court may designate,

provided that if the subject contract or lease is assumed and assigned, the cure amount asserted by the objecting party (or such lower amount as may be fixed by the Court) shall be deposited with and held in a segregated account by the Debtors or such other person as the Court may direct pending further order of the applicable Court or mutual agreement of the parties. A properly filed and served Cure Objection or Adequate Assurance Objection shall reserve such party's rights respecting the Cure Obligation, or the adequate assurance objection, but shall not constitute an objection to the relief generally requested in the Motion.

**PLEASE BE FURTHER ADVISED** that copies of the Sale Procedures Motion, Sales Procedures, and the Purchase Agreement can be obtained free of charge from Debtors' counsel and that all requests for information concerning the Assets or Sale Procedures should be in writing directed to Debtors' counsel Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Raymond H. Lemisch, Esq. (email: rlemisch@klehr.com; telephone 302 426 1189).

**PLEASE BE FURTHER ADVISED** that any counter party to the Debtors' contracts or leases that wishes to receive fax or email notice of the identity of the Successful Bidder(s) shall provide their fax numbers or emails, as the case may be, to Debtors' counsel set forth above.

| | |
|---|---|
| Dated: May 7, 2014<br>Wilmington, Delaware | */s/ Raymond H. Lemisch*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Raymond H. Lemisch (DE Bar No. 4204)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:    (302) 426-1189<br>Facsimile:    (302) 426-9193 |

-and-

Morton R. Branzburg, Esquire (Admitted Pro Hac Vice)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
Facsimile: (215) 568-6603

*Counsel to the Debtors and Debtors in Possession*