IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| EDGENET, INC., et al.,[1] | ) | Case No. 14-10066 (BLS) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 233 |

### EMERGENCY MOTION FOR EXTENSION OF BID DEADLINE AND AUCTION DATE CONTAINED IN SALE PROCEDURES ORDER [Re: Docket No. 233]

EdgeAQ, LLC ("Movant" or "EdgeAQ"), by and through its counsel, submits this emergency motion (the "Motion") for an extension of the Bid Deadline and Auction dates established by that *Order (A) Approving Sale Procedures and Bidding Protections in Connection with Sale of the Debtors' Assets Pursuant to Sections 363 and 365 of the Bankruptcy Code; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale of the Debtors' Assets; (C) Approving Notice of Respective Dates, Times, and Places for Auction and for Hearing on Approval of Asset Purchase Agreement and Sale of Debtor's Assets and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Other Relief* [Docket No. 233] (the "Sale Procedures Order")[2] by approximately two (2) weeks. In support of the Motion, the Movant respectfully represents as follows:

### BACKGROUND

1.    EdgeAQ is a Tennessee limited liability company formed by Steve Proctor, Chris Dowdy and J.J. Freitag for the purpose of purchasing the assets of the above-captioned debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number are Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The address of the Debtors' corporate headquarters is 8 Piedmont Center, 3525 Piedmont Drive, Suite 420, Atlanta, GA 30305.

[2] Capitalized terms used herein and not otherwise defined have the meanings given to them in the Sale Procedures Order.

(the "Debtors"). Each of these individuals were formerly employed by the Debtors and part of the original "team" that was instrumental in providing the core income stream(s) which supports the Debtors today. Each of these EdgeAQ principals has since sought and obtained lucrative employment elsewhere, mostly with nationally recognized top-tier technology companies (*Oracle, Asurion, etc.*).

2.      These principals now wish to return to the Debtors in an effort to revitalize the Debtors' business and, as such, EdgeAQ has attempted to become an active participant in the Debtors' sale process.   These efforts, however, have been complicated by the difficulties encountered in obtaining due diligence and by the expedited timeline dictated by the Sale Procedures Order.   Indeed, the principals of EdgeAQ requested information regarding the Debtors as early as February 2014.  Despite such requests, Movant was not granted access to the "data room" until May 7, 2014.   Moreover, it was not until May 12, 2014 that EdgeAQ was considered to be a Qualified Bidder for purposes of the sale process.

3.      Movant submits that the process followed in these cases has made it very difficult to formalize and submit a bid.  During the early stages of these cases, the principals of EdgeAQ were denied access to critical information regarding the Debtors' business. Movant submitted an NDA to JMP Securities, LLC ("JMP"), the Debtors' advisor, in January 2014 yet was denied access to critical information. Movant's initial equity firm, Frist Capital,[3] submitted its NDA in early March 2014, yet was denied access. Shortly after the first of March, Movant was informed that the Debtors had entered into exclusive negotiations, and access was again denied.   Indeed, the "exclusivity period" afforded to the "stalking horse" bidder essentially precluded the Movant from being able to obtain the critical information necessary to raise capital and formulate a

---

[3] Frist Capital is associated with the Frist family, founders of Hospital Corporation of America. Bill Frist is a former US Senator.

cogent purchase strategy. Essentially the exclusive negotiating and diligence period afforded the "stalking horse" bidder has provided it the ability to complete months of diligence while EdgeAQ's diligence has been reduced to just a few weeks. Notwithstanding the difficulties encountered, EdgeAQ has made every effort to put itself into a position to submit a bid (in excess of the stalking horse bid) as soon as possible. The EdgeAQ team has, among other things, made numerous requests of JMP on a daily basis; has scheduled numerous interviews; has modelled financial information; has analyzed leases and contracts; has consulted with its financing sources and obtained a letter of interest from Tenth Street Capital to fund the entire amount of EdnetAQ's bid and working capital needs. JMP is well aware of Movant's presence and constant and consistent efforts to gain information A chronology of the Movant's efforts over the past two weeks is set forth below:

- On May 13, EdgeAQ first obtained a copy of the Purchase Agreement and Schedules, albeit not in a format that could be easily marked-up as required by the Sale Procedures. EdgeAQ subsequently determined that this version of the Purchase Agreement was not the most current form, as it failed to reflect recent amendments to the Purchase Agreement (including a reduction of the purchase price and removal of Section 1.04(d) and related sections of the Purchase Agreement).

- On May 21, 2014, Movant obtained the most recent version of the Purchase Agreement in a usable format. While this version of the Purchase Agreement was updated, Movant submits that some of the schedules attached to this version of the Purchase Agreement were not current. Movant provided this version to Tenth Street Capital, its financing source on May 22, 2014, and has subsequently redlined it to submit as its Modified Purchase Agreement.[4]

- Movant has also made two requests for copies of the supplement to the Debtors' schedules and statements [Docket No. 97] that was filed with the Court under seal. While Movant submits that this information may be

---

[4] Movant and its counsel has taken care to ensure that its version is not more onerous nor deviates substantially from the APA submitted by the "stalking horse" bidder and is going over its edits with its financial partner(s) this afternoon.

necessary to its ability to formulate its bid, it has yet to be provided with a copy of the supplement.[5]

- On May 14, 2014, Movant requested staff interviews with the Debtors' finance team. Only after following up with a second request, were such staff members made available on May 19, 2014. EdgeAQ also requested and interviewed members of the Debtors' sales team on or before May 22, 2014 and the Debtors' account management team on May 23, 2014.

- Movant has also requested interviews with two of the Debtors' customers; Andersen and Lowes. These discussions have not yet occurred, although Movant has been informed that the "stalking horse" bidder has conducted interviews with each of these customers.

- Movant has requested the ability to contact landlords concerning the Debtors' leases. Movant has not yet been granted permission to do so.

4.      As discussed above, notwithstanding the difficulties encountered, EdgeAQ has made every effort to submit a non-contingent bid by the Bid Deadline (and is still making every effort to do so), but simply needs additional time for its financing sources to complete their due diligence. Indeed, within days of being provided with a copy of the Purchase Agreement and gaining access to the "data room", EdgeAQ began "modeling" the business for the benefit of its financing sources. This modeling was completed within seven to ten days and presented immediately to EdgeAQ's financing sources. While current members of EdgeAQ are prepared to fund a meaningful portion of any bid amount, Movant has been informed that its principal financing source requires an additional ten to fourteen days to complete internal due diligence. This is not unexpected given that the proposed transaction involves the acquisition of the assets of chapter 11 debtors whose customer relations have suffered and their two largest customers have been embroiled in litigation, either directly (Home Depot) or indirectly (Lowes).

---

[5] These schedules possibly contain information in the "data room," and may be redundant, but EdgeAQ has not received confirmation of their content.

5.    Movant expects financing diligence will be complete within the extension of time requested *inter alia* resulting in Movant's ability to submit a competitive bid according to the terms established by the Sale Procedures Order. Indeed, Movant has received confirmation from its principal financer that it envisions supplying sufficient capital to support a bid in excess of the "stalking horse" bid amount (in accordance with the requirements of the Sales Procedures). Movant simply needs an additional ten to fourteen days for its financing sources to complete their due diligence and is seeking an extension of the Bid Deadline and Auction dates for this purpose. It is worth highlighting that EdgeAQ is not seeking an extension of the June 30, 2014 closing deadline. Assuming EdgeAQ is the successful bidder at the Auction, it fully expects to be in a position to close any transaction on or before June 30, 2014.

## RELIEF REQUESTED

6.    Movant seeks entry of an order modifying the Sale Procedures Order as follows: (a) extending the Bid Deadline from June 2, 2014 at noon to June 16, 2014 at noon; (b) adjourning the Auction from June 4, 2014 at 10:00 a.m. to June 18 at 10:00 a.m.; and (c) granting any necessary extensions or adjournments of the Sale Objection Deadline and Sale Hearing date consistent with the extensions of the Bid Deadline and Auction dates requested above.

## BASIS FOR RELIEF REQUESTED

7.    Pursuant to Bankruptcy Rule 9006(b)(1), the relief requested herein may be granted for cause shown:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed . . . .

5

Fed. R. Bankr. P. 9006(b)(1).

8.      Movant believes that the Debtors, their creditors and parties in interest are benefited through an active and competitive bidding process and that the relief requested herein, which proposes a brief extension of certain deadlines so that Movant (and potentially other parties in interest) can submit a competing bid, without question promotes such a process. Indeed, the requested extensions will afford Movant's potential financing sources with the time necessary to complete their due diligence, thereby enabling Movant to submit a binding bid with no financing contingencies for the Debtors' assets.

9.      Moreover, Movant submits that moving the Bid Deadline and Auction dates will not prejudice any party in these cases (except perhaps the stalking horse bidder, as it is likely looking to avoid a competitive bidding process).  As noted above, Movant is only looking to push out the Bid Deadline, the Auction date and any related modifications that need to be made to the Sale Objection Deadline and the Sale Hearing date.  Movant is not requesting any modification to the proposed closing date.  Accordingly, the requested extensions should not have any financial effect upon the Debtors' estate.  Moreover, the Purchase Agreement simply requires that the Debtors use commercially reasonable efforts to conclude the Auction by June 4, 2014 and obtain entry of the Approval Order on or before June 6, 2014.  Movant submits that the Debtors have taken such steps to date (albeit at the expense of EdgeAQ given the expedited timeline), and will likely have no choice but to object to this Motion given this language of the APA.  Nevertheless, the requested extension of the sale timeline can only benefit the Debtors, their estates and every constituency that is looking to maximize value through a competitive sale process.   Moreover, so long as the Debtors are deemed to have exerted "commercially

reasonably efforts" to conclude the Auction by June 4, 2014 and obtain entry of the Approval

Order by June 6, 2014 (which is the current date of the Sale Hearing), which they have, a Court-

ordered extension of the Bid Deadline and Auction dates would not constitute a breach of the

Purchase Agreement (thereby not constituting a "walk right" for the stalking horse bidder).

WHEREFORE, for the reasons set forth herein, Movant respectfully requests that the

Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) granting the relief

requested herein and (ii) granting such other and further relief as the Court may deem proper.

Dated: May 29, 2014
      Wilmington, Delaware      RICHARDS, LAYTON & FINGER, P.A.

Michael J. Merchant (No. 3854)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Ernest B. Williams IV
Ernest B. Williams IV, PLLC
P.O. Box 159264
Nashville, TN 37215
Telephone: (615) 372 0097
Facsimile: (615) 371 1572

*Counsel for EdgeAQ, LLC*

7