# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| EI WIND DOWN, INC., *et al.*,[1] | ) Case No. 14-10066 (BLS) |
| Debtors. | ) Jointly Administered |
|   | ) Related D.I. No. 420 |

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) FIXING THE VOTING RECORD DATE; (III) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE FORMS OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN; (VI) APPROVING THE FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN; (VII) FIXING THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN; AND (VIII) APPROVING PROCEDURES FOR VOTE TABULATIONS IN CONNECTION THEREWITH

Upon the Motion, dated October 6, 2014 (the "*Motion*"),[2] EI Wind Down, Inc. f/k/a Edgenet, Inc. and EHC Holding Wind Down Corp. f/k/a Edgenet Holding Corp., as debtors and debtors in possession (collectively, the "*Debtors*"), in the above referenced chapter 11 cases, pursuant to sections 105, 502, 1125 and 1128 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 3017, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2002-1, 3017-1, 3020-1, 9013-1 and 9021-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), for an order (i) approving the Disclosure Statement under section 1125 of the Bankruptcy Code annexed as Exhibit 1 hereto; (ii) fixing a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number are EI Wind Down, Inc. f/k/a Edgenet, Inc. [4977] and EHC Holding Wind Down Corp. f/k/a Edgenet Holding Corp. [4146].

[2] Capitalized terms utilized but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

voting record date (the "*Voting Record Date*"); (iii) approving the notice of hearing and objection procedures (the "*Confirmation Hearing Notice*"), substantially in the form annexed to the hereto as Exhibit 2, in respect of confirmation of the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* also dated October 6, 2014 (as the same may be amended or modified, the "*Plan*"), and setting the date for the hearing on confirmation of the Plan; (iv) approving the Solicitation Packages (which will include the Disclosure Statement and its exhibits, including the Plan and its Exhibits, a form of Ballot, the Support Letter and the Confirmation Hearing Notice; non-voting classes will receive will receive the Confirmation Hearing Notice and the appropriate form of notice to non-voting class) and procedures for distribution thereof; (v) approving the forms of Ballots, annexed as Exhibit 3 and Exhibit 4 hereto, and establishing procedures for voting on the Plan; (vi) approving the form of the notices to non-voting classes under the Plan, annexed as Exhibit 5 and Exhibit 6 hereto; (vii) approving the form of Support Letter attached hereto as Exhibit 7 (viii) fixing the voting deadline for creditors to accept or reject the Plan; and (ix) approving procedures for tabulating creditor votes; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the U.S. Trustee; (b) counsel for the Committee; (c) Seller Noteholders; (d) counsel for the Owners Representative; and (e) all other parties who have filed requests for notice under Bankruptcy Rule 2002; and a hearing having been held before the Court with respect to the Motion on October 27, 2014 (the "*Hearing*"); and upon the record of such Hearing; and the Court having determined that the relief sought in the Motion is in the best

interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A.   The Disclosure Statement annexed hereto as Exhibit 1 contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.   The forms of the ballots with respect to the Plan (the "***Ballots***"), substantially in the forms annexed hereto as Exhibit 3 and Exhibit 4, respectively, are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for each Class of Claims entitled under the Plan to vote to accept or reject the Plan.

C.   Ballots need not be provided to the holders of Claims in Class 1 (Other Priority Claims), because they are conclusively presumed to accept the Plan. Ballots also need not be provided to the members of Class 4 (General Unsecured Claims), Class 5 (Section 510(b) Claims) or Class 6 (Equity Interests in the Debtors) because such holders will retain and receive no property under the Plan and, therefore, are deemed to reject the Plan and the forms of notice, annexed hereto as Exhibit 5 and Exhibit 6 regarding such non-voting classes contain adequate and sufficient information.

D.   The form of Support Letter attached hereto as Exhibit 7 is consistent with the information contained in the Disclosure Statement and is appropriate to send as part of the Solicitation Package to holders of Class 3 Claims.

E.  The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable period of time for holder of Claims entitled to vote on the Plan to make an informed decision with respect to whether to accept or reject the Plan.

F.  The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

G.  The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "*Confirmation Hearing*") and the distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE

1.  The Motion is GRANTED, as set forth herein.

2.  The Disclosure Statement is APPROVED.

3.  All objections to the Disclosure Statement are hereby OVERRULED.

4.  The Ballots are APPROVED.

5.  The Support Letter is APPROVED and the Debtors are authorized to serve same as part of the Solicitation packages to be served upon holders of Class 3 Claims.

6.  The record date (the "*Voting Record Date*") for purposes of determining creditors entitled to vote on the Plan or, in the case of non-voting classes to receive the Notice of Non-Voting Status - Unimpaired Classes (as defined below) or the Notice of Non-Voting Statues - Impaired Classes (as defined below), as applicable, is October 27, 2014.

7.  The Debtors shall complete, by no later than October 31, 2014 (the "*Solicitation Date*"), the mailing of the Solicitation Packages to all known holders (as of the

Voting Record Date) of claims in Class 2 (LPL's Secured Claim) and Class 3 (Seller Noteholder Claims) (collectively, the "*Voting Classes*"), which Solicitation Packages will contain a copy of (i) this Order (without the exhibits hereto); (ii) the Confirmation Hearing Notice; (iii) with respect to Class 3, the Support Letter; (iv) a copy of the Disclosure Statement and the Plan; and (v) the appropriate form of Ballot to accept or reject the Plan with instructions and with a return envelope.

8.  The Debtors shall complete, by no later than October 31, 2014, the service by mail of (i) the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 2 to all parties set forth in paragraph 9 below (ii) a Notice of Non-Voting Status-Unimpaired Class substantially in the form attached hereto as Exhibit 5 to all known Holders (as of the Voting Record Date) of Claims in Class 1 (Other Priority Claims), and (iii) a Notice of Non-Voting–Impaired Classes substantially in the form attached hereto as Exhibit 6 to all known Holders (as of the Voting Record Date) of Claims in Class 4 (General Unsecured Claims), Class 5 (Section 510(b) Claims) and Class 6 (Equity Interests in the Debtors).

9.  The Confirmation Hearing Notice shall be served on the following parties: all Entities known to hold a Claim against or Interest in the Debtors as of the Voting Record Date, including all Holders of Claims or Interests in Classes 1 through 6 of the Plan, all Entities holding Administrative Claims, Professional Fee Claims, or Priority Tax Claims in these cases, all Entities which have filed Proofs of Claim, as reflected on the official clams register maintained by the Claims Agent on the Voting Record Date, and the assignee of any transferred and assigned Claim, if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of, or prior to, the Voting Record Date; all Entities which have filed requests for notice in these cases pursuant to Bankruptcy Rule 2002;

the United States Trustee c/o Juliet Sarkessian, Esquire; counsel for, as well as members of, the Official Committee of Noteholders, counsel for, as well as the, Owners Representative; the Internal Revenue Service; and all applicable State taxing authorities.

10. The Confirmation Hearing will be held at 12:00 p.m. (prevailing Eastern Time) on December 9, 2014; provided, however, that the Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

11. The Confirmation Hearing Notice, setting forth the time, date and place of the Confirmation Hearing, substantially in the form annexed hereto as Exhibit 2, is hereby APPROVED.

12. The Debtors shall publish the Confirmation Hearing Notice, on one occasion, in the USA Today on a date not fewer than twenty-five (25) or more than thirty-five (35) calendar days prior to the Confirmation Hearing Date, in a form substantially similar to that attached hereto as Exhibit 2, which notice is hereby APPROVED and deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002.

13. Any objections to confirmation of the Plan, including the settlement contained therein, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed, together with proof of service, with the Court and served so that they are actually filed and received by the following parties no later than 4:00 p.m. (prevailing Eastern Time) on December 1, 2014 (the "*Confirmation Objection Deadline*"): (i) counsel for the Debtors, Klehr Harrison Harvey Branzburg LLP, Attn: Raymond H. Lemisch,

Esquire and Margaret M. Manning, Esquire, 919 Market Street, Suite 1000, Wilmington, DE 19801 and Morton R. Branzburg, Esquire, 1835 Market Street, Suite 1400, Philadelphia, PA 19103; (ii) counsel for Liberty, Kirkland & Ellis, LLP, Attn. Justin Bernbrock, Esquire, 300 N. LaSalle St. Chicago, IL 60654 and Jenna Ward, Esquire, 601 Lexington Avenue, New York, NY 100232 and Pachulski Stang Ziehl & Jones, LLP Attn: Laura Davis Jones, Esquire and Timothy Cairns, Esquire 919 Market Street, 17th Floor, Wilmington, DE 19801; (iii) counsel for the Committee, Cooley LLP, Attn: Cathy Hershcopf, Esquire and Richelle Kalnit, Esquire, 1114 Avenue Of The Americas, New York, NY 10036; and Brett Fallon, Esquire and Jeffrey R. Waxman, Esquire, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19899; (iv) counsel for the Owners Representative, Cross & Simon, LLC, 1105 Market Street, Suite 901, Wilmington, DE 19801, Attn. Joseph Grey, Esquire; and (v) Juliet M. Sarkessian, Esquire, Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2311, Lockbox 35, Wilmington, Delaware 19801.

14. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above may not be considered and may be deemed overruled.

15. Counsel for the Debtors, Liberty, the Committee and the Owners' Representative are each authorized to file replies or responses to any such objections no later than 4:00 p.m. (prevailing Eastern Time) on December 4, 2014.

16. The Debtors shall not be required to send Solicitation Packages to (i) any holder of an unimpaired claim under the Plan, (ii) any holder of a Claim or Equity Interest in a Class under the Plan that is deemed to reject the Plan, (iii) any party who holds a Claim that has been disallowed, or which was not filed or scheduled in the Debtors' schedules of assets and

liabilities and the statements of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and the Official Bankruptcy Forms of the Bankruptcy Rules, as such schedules and statements have been or may be amended (the "*Schedules*") in an amount greater than $0, and (iv) a creditor that has a claim that already has been paid in full; provided, however, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein.

17. With respect to addresses from which Disclosure Statement Notices were returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined below) nor constitute a violation of Bankruptcy Rule 3017(d).

18. A Notice of Non-Voting Status - Unimpaired Class, substantially in the form annexed hereto as Exhibit 5, which form hereby is APPROVED, shall be distributed to each Holder of a Claim in Class 1 (Other Priority Claims) (the "*Unimpaired Class*"), which Class is unimpaired under the Plan and therefore are not entitled to vote to accept or reject the Plan. Holders of Class 1 Claims shall also be served with Confirmation Hearing Notice.

19. A Notice of Non-Voting Status - Impaired Classes, substantially in the form annexed hereto as Exhibit 6, which form hereby is APPROVED, shall be distributed to

each Holder of a Claim or Interest in Class 4 (General Unsecured Claims), Class 5 (Section 510(b) Claims) or Class 6 (Equity Interests in the Debtors) (the "*Non-Voting Impaired Class*"), which Classes are deemed to reject the Plan and therefor are not entitled to vote to accept or reject the Plan. Holders of Claims or Interests in Classes 4, 5 and 6 shall also be served with the Confirmation Hearing Notice.

20.  The Notice of Non-Voting Status - Unimpaired Class and Notice of Non-Voting Status - Impaired Class satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and the Debtors therefore are not required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any holder of a claim or interest in the Non-Voting Unimpaired Class and the Non-Voting Impaired Class, unless a party or parties in such Classes makes a request for copies of such documents to the Debtors in writing (including by email) and such requests are received on or before ten days prior to the Voting Deadline (as defined below).

21.  Each Ballot must be properly executed, completed, and delivered to the Voting and Balloting Agent (i) by first-class mail, in the return envelope provided with each Ballot, (ii) by overnight courier, or (iii) by hand delivery, so that they are received by the Voting and Balloting Agent no later than 5:00 p.m. (prevailing Eastern Time) on December 1, 2014 (the "*Voting Deadline*").

22.  Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtors in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the Schedules, provided that:

9

(a) If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b) If a claim for which a proof of claim has been filed is contingent, unliquidated, or disputed, such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (g) below;

(c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d) If a proof of claim was filed in an amount that is liquidated, noncontingent, and undisputed, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim in a non-contingent and liquidated amount has not been filed prior to the Voting Deadline, such claim shall be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c);

(f) If a claim is listed in the Schedules or on a filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g) If the Debtors have served an objection or request for estimation as to a claim by October 31, 2014, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline;

(h) For purposes of voting, classification and treatment under the Plan, each entity that holds or has filed more than one (1) claim, shall be treated as if such entity has only one (1) claim in each applicable class and the claims filed by such entity shall be aggregated in each applicable class and the total dollar amount of such entity's claims in each applicable class shall be the sum of the aggregated claims of such entity in each applicable class;

(i) Notwithstanding anything contained herein to the contrary, the Voting and Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects; and

(j) There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan.

23. If any claimant seeks to challenge the allowance or disallowance of its claim for voting purposes in accordance with the above procedures, such claimant is required to serve on counsel for the Debtors, and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim, or allowing it in a different amount or Class than the Debtors have designated it, for purposes of voting to accept or reject the Plan on or before the later of (i) November 20, 2014 and (ii) twenty (20) days after service of notice of an objection or request for estimation, if any, as to such claim.

24. As to any claimant filing a motion pursuant to Bankruptcy Rule 3018(a), such claimant's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

25. Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its claim therefor.

26. Whenever a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots; whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Voting and Balloting Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot shall not be counted; and whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Voting and Balloting Agent, but indicates both an acceptance and a rejection of the Plan shall not be counted.

27. Any entity that holds a claim in more than one class that is entitled to vote must use separate Ballots for each such claim.

28. Claimants must vote all of their claims within a particular class under the Plan, whether or not such claims are asserted against the same or multiple Debtors, either to accept or reject the Plan and may not split their vote(s), and thus a Ballot that partially rejects and partially accepts the Plan shall not be counted.

29. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot, (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant, (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan, (iv) any Ballot cast for a claim identified in the Debtors' schedules as unliquidated, contingent, or disputed for which no proof of claim in a liquidated and non-contingent amount was filed (v) any unsigned Ballot, or (vi) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein.

30. The Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

31. The Debtors are authorized, with consent of Liberty, the Committee and the U.S. Trustee, to make nonsubstantive changes to the Disclosure Statement, the Plan and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their mailing.

PHIL1 3922720v.3

All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

Dated: October 30 2014

Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

PHIL1 3922720v.3